This is a suit in which plaintiff claims the sum of $4,000.00 damages alleged to have resulted from an unprovoked assault made on him by defendant. After trial there was judgment in favor of defendant rejecting plaintiff's demands, from which plaintiff brings this appeal.
The facts show that defendant is the operator of a neighborhood coffee shop located on St. Vincent's Avenue in the City of Shreveport. Plaintiff at the time of the difficulty was employed at a manufacturing concern also located on St. Vincent's Avenue, almost directly across said street from defendant's cafe.
The facts, which are well established, show that on the morning of the day of the trouble a little before noon, plaintiff entered defendant's place of business, purchased and paid for a package of cigarettes, being served by defendant, then seated himself at the cafe counter, ordered and was served with a coca-cola. Plaintiff stayed in the cafe some little time, during which period he was occupied with consuming one or two drinks of liquor from a pint bottle which he had on his person, as well as the innocuous beverage which he had ordered. In the course of his stay he engaged in some words with defendant's wife, which, according to the testimony, consisted principally of the statement on his part: "I don't like you." And her reply: "I don't like you either." This exchange, which was repeated once or twice, was not conducted in a loud tone of voice, and apparently was not disturbing to other patrons of the cafe. During all this time defendant was busy in the kitchen of the cafe, and, according to his testimony, knew nothing either at this time or later of any of these facts with the single exception *Page 718 
of the knowledge that plaintiff had left his whiskey bottle, which information was later conveyed to defendant by his wife. Plaintiff placed his pint whiskey bottle under the counter, left the cafe, crossed the street and seated himself on a concrete step in front of his place of employment, assertedly for the purpose of waiting for his employer in order to collect his week's pay. Another employee of the same establishment was seated on the step at plaintiff's right side and his testimony, as well as that of plaintiff, is that plaintiff occupied himself with whittling a piece of wood with his pocket knife.
Meanwhile defendant, having been advised by his wife that plaintiff had left his whiskey bottle, picked up the bottle which he grasped by the neck, left his duties as cook, and walked out of his place of business with the announcement that he intended to talk to plaintiff or lecture him. Defendant then proceeded across the street and without uttering a word and without having been observed by plaintiff, closely approached plaintiff's location.
At this point there is an irreconcilable difference of testimony. Defendant testified that plaintiff drew back his right hand holding the knife. This is denied by plaintiff. The only eyewitness, plaintiff's fellow employee, seated at his side, testified that he didn't see it and assigns the strange reason that he was looking away. Regardless of these facts, it is undisputed that without a word being spoken by any party, defendant violently smashed the whiskey bottle in plaintiff's face, which action was followed with a blow of his fist. It was then for the first time defendant claims to have demanded that plaintiff give up the knife. After the second blow, defendant recovered the knife, permitted plaintiff to rise from the concrete floor of the step, and, still without a word on his part, plaintiff betook himself to the washroom for the purpose of cleansing the blood which was flowing freely as the result of cuts inflicted by the broken bottle. Defendant then called the police, who after arrival on the scene, removed plaintiff to the hospital for attention. Defendant did not prefer any, charges.
There is considerable reflection, and justly so, upon plaintiff's credibility. The conclusion is inescapable after study of plaintiff's testimony, that he either perjured himself or was intoxicated to such degree that he had no recollection of certain events and incidents to which he testified. Plaintiff's character is further shattered by evidence of a police record for intoxication and vagrancy. Notwithstanding the unsatisfactory testimony on the part of plaintiff himself, certain material facts are conclusively established.
Concededly the law of Louisiana is well established by an impressive line of jurisprudence that a plaintiff seeking damages for an assault can not recover if he is the aggressor. It follows that if the facts of this particular case justify a holding of aggression the defendant must be exonerated from liability. But we cannot so hold.
Plaintiff's conduct in the cafe, while obnoxious, was not such as to justify defendant's subsequent acts. This conclusion is justified on two grounds: First, that defendant knew nothing of plaintiff's actions with the single exception of his leaving the Whiskey bottle, and, second, a consideration of the time element necessitates a finding that whatever difficulty had taken place in the cafe was terminated and at an end prior to the time defendant embarked upon his subsequent action.
Defendant claims that he was motivated in his actions by a number of sound, logical and indeed, praiseworthy reasons. First, he did not permit the imbibing of intoxicants in his cafe; second, he entertained as patrons a number of plaintiff's fellow employees and other people whose patronage he did not wish to lose, and, third, he felt called upon to lecture plaintiff and to this end was taking back the whiskey bottle which had been left in his place of business. But we are constrained to hold, despite the advancement of these motives, that defendant was actuated by something more than the purposes set forth. One of defendant's witnesses testified, with respect to his appearance at the time he left the cafe in pursuit of plaintiff: "I would say he was perhaps agitated but not too angry."
The plain inference to be drawn from this testimony is that defendant was both *Page 719 
agitated and angry, which conclusion more comports with his actions than his own explanation. It is difficult to believe that defendant would have left his place of business, in which he was the cook, during the noon lunch rush solely for the purpose of delivering a temperance lecture to a man whom he believed to be intoxicated.
Further, it is only reasonable to conclude that a man, drunk or sober, seated on a step attending to his own business, even though such business at the time consisted merely of whittling a piece of wood, would be considerably disturbed by the appearance before him of an individual grasping a whiskey bottle by the neck. If under such circumstances, further considering that defendant spoke no word to explain his purpose, plaintiff indeed drew back his right hand holding a pocket knife, such action was only instinctive. It must be noted that there is not one whit of testimony to the effect that plaintiff made any motion toward defendant with the knife or indicated that he intended so to do. In our opinion there was no act on the part of plaintiff which justified defendant in smashing a whiskey bottle into his face.
The case of Ponthieu v. Coco, La. App., 18 So.2d 351, 355, is sound authority for our findings in the instant case. In the Ponthieu case the facts showed that there had been a difficulty between plaintiff's brother and the defendant. This difficulty had been terminated and defendant had entered his car and started to drive away from the place when plaintiff came upon the scene, having left his work some 350 feet away, and by his actions provoked the attack by defendant. The judge of the District Court in the Ponthieu case, whose opinion was quoted by this court, made the following statement appropriate to the matter before us:
"The Court is satisfied if the plaintiff had not come out in the road and called out to defendant to wait, but had remained at his post working on his automobile, the original trouble would have ended."
So, in the instant case, if defendant had remained in his place of business and had not sought out the plaintiff, the difficulty which is the basis of this action would not have been provoked.
This point was emphasized in the opinion of this court on the Ponthieu case as follows:
"We have carefully studied the record and are convinced, as was the lower Court, that plaintiff was the aggressor. Defendant's affray with plaintiff's brother, Wilson, was over and defendant had re-entered his car, turned it around and started towards his home when the plaintiff appeared on the scene and asked him to a stop and discuss the trouble. Defendant did not reply and did not stop (and) when he drove past plaintiff struck at him. The record fails to disclose that defendant had said one word to plaintiff or had done anything to him up until that time."
Reversing the use of plaintiff and defendant in the above quotation, the identical reasons may be assigned in this case.
Reverting to the proposition which is strenuously advanced on behalf of defendant, we call attention to the fact that the burden was on defendant to establish some overt or threatening act on the part of plaintiff. Under our appreciation of the facts we think that in this he has signally failed.
Notwithstanding the fact that plaintiff sued for a substantial amount, we find little evidence in the record which would justify any large award. Plaintiff finally reduced his claim for loss of wages to an amount of $52.00 and his medical expenses a total of $21.00. We do not believe plaintiff is entitled to any allowance for humiliation and embarrassment, and the only additional item for which he deserves compensation would be with respect to pain and suffering, which is not shown to have been of any considerable degree.
Under these circumstances we think a nominal allowance of Two Hundred Fifty and No/100 ($250.00) Dollars would be adequate.
For the reasons herein assigned, the judgment from which appealed is reversed and set aside and there is now judgment in favor of plaintiff, William M. Ogden, and *Page 720 
against the defendant, Gus Thomas, in the full sum of Two Hundred Fifty and No/100 ($250.00) Dollars, with interest thereon at the legal rate from date of judicial demand until paid, and for all costs.