GLADNEY, Judge.
Plaintiff instituted this suit for the recovery of damages _ allegedly due for personal injuries inflicted upon him by Jessie R. Ivy and M. T. Ivy in a barroom encounter on May 9, 19SS, near Cotton Valley, Louisiana. M. T. Ivy, one of the defendants, was never served with citation and consequently is not a contestant herein. Following trial on the merits there was judgment rejecting plaintiff's demands.
The record shows Jessie R. and M. T. Ivy had been drinking in Brown’s Bar when plaintiff entered. Jessie Ivy addressed Allison by asking him if he should not apologize for having kicked him in an encounter had some time previously, and when Allison denied having kicked him, Ivy. told Allison that he knew Allison had kicked him. Thereupon, so Ivy testified, Allison struck him with his fist and both of the Ivys proceeded to strike Allison on the head with whiskey bottles. Allison denies that he ever struck Jessie Ivy but his'testimony in this respect was contradicted by W. E. Brown, the proprietor of the bar. Brown testified that Allison struck the first blow. Henry Emerson and Loyd Burnham, when called as witnesses by plaintiff, testified that they did not see the start of the altercation. Plaintiff’s attorney sought to impeach the testimony of Brown by himself testifying that Brown gave him a statement in conflict with Brown’s testimony on the trial. The foregoing represents substantially all the material evidence adduced upon the trial.
The rule is well settled in Louisiana that a plaintiff can recover civil damages in an action for assault and battery committed ‘without legal excuse unless he provoked the difficulty by conduct calculated to arouse the resentment or fears of the defendant. However, the courts have found sufficient fault on the part of plaintiff to bar his recovery where he struck or attempted to strike the..first blojy. See: LSA-C.C. art. 2315; Hopper v. Ross, D.C., 123 F.Supp. 371; Ogden v. Thomas, La.App.1949, 41 So.2d 717; Hartfield v. Thomas, La.App.1950, 45 So.2d 216; Esnault v. Richard, La.App.1951, 53 So.2d 494; Ashley v. Baggett, La.App.1951, 53 So.2d 678; Smith v. Parker, La.App. 1952, 59 So.2d 718; Gordon v. Pittman, La.App.1952, 61 So.2d 609; Mecom v. Marshall, La.App.1953, 64 So.2d, 515; Brown v. Lambert, La.App.1954, 74 So.2d 410; Robertson v. Palmer, La.App.1954, 74 So.2d 408; and Smith v. Bankston, La.App. 1954, 75 So.2d 880.
In our firm opinion plaintiff has entirely failed to make out his case with legal certainty. Upon the question of-provocation plaintiff alone presented testimony on his behalf, but his testimony is contradicted by , Jessie R. Ivy , and by -Brown. Manifestly, therefore, the trial .court was faced with an issue of fact that in its final analysis could only be determined according to the credibility of the witnesses involved. Whether or not defendant was the aggressor in the difficulty is a question of fact, and since the trial judge who saw and heard the witnesses testify resolved this issue against plaintiff’s contentions, unusually strong reasons would have to appear to warrant a reversal of his decision. . We are of ,the .opinion that his findings are correct and should not be disturbed.
The judgment from which appealed should be and is hereby affirmed at appellant’s cost.