SAMUEL, Judge.
This is a suit for personal injuries and damages arising out of a barroom brawl which resulted in the plaintiff being struck and shot in the mouth. There was judgment in the trial court in favor of defendants and against the plaintiff, dismissing the latter’s suit. The plaintiff has appealed.
While it is true that recovery may be had for injuries received as a result of an assault and battery without legal excuse, it is well settled that a plaintiff cannot recover where he provokes the difficulty by insults, abuse, threats or other conduct calculated to arouse resentment or fear on the part of the defendant, even though the defendant’s conduct may not have been justified in law. Purnell v. Jackson, La.App., 91 So.2d 67; Allison v. Ivy, La.App., 85 So.2d 332; Duncan V. Tanner, La.App., 85 So.2d 685.
Even where the force used is unjustified from the standpoint of the criminal law, civil liability does not necessarily follow. See Robertson v. Palmer, La.App., 74 So.2d 408, 410; Britt v. Merritt, La.App., 45 So.2d 902, 905. This rule is based on the legal principle that one who is himself at fault cannot recover *442 damages for a wrong resulting from such fault although the party inflicting the injury was not himself legally justified. Brown v. Lambert, La.App., 71 So.2d 410; Wade v. Gennaro, La.App., 8 So.2d 561.
Other than medical testimony, the plaintiff produced two witnesses in addition to himself and the defendants offered one witness in addition to themselves. The incident happened in a barroom frequently visited by the plaintiff but never before visited by either of the defendants. Other witnesses to the facts involved were available to the plaintiff and he had summoned some of them. Three of these witnesses were present in the courtroom at the time of the trial but were not called to testify.
Since the law involved is clear, the question to be resolved by this appeal is purely factual involving as it does only the credibility of the witnesses and a determination of which version of the incident is correct. The trial judge heard and saw' all of the witnesses and we follow our well-established rule that under such circumstances his conclusion as to fact will not be disturbed except for manifest error.
We are not only unable to find manifest error but are in complete agreement with the trial judge’s conclusions as contained in his well-considered written reasons:
“Plaintiff herein, Roger Haydel, Jr., filed suit against William Bullinger and William R. Stansbury, in solido, for injuries which resulted from a gunshot wound inflicted by William Bullinger on plaintiff on September 6, 1958 at Clancy’s Bar at 5908 Magazine Street in the City of New Orleans.
“It was the contention of plaintiff that Bullinger and Stansbuiy plotted to provoke a fight in Clancy’s Bar because of a disagreement which took place between Edward Clancy, the owner of Clancy’s Bar, and William R. Stansbury earlier that afternoon at a wedding reception.
“Stansbury contended that he attended the wedding reception of his daughter who was married to the brother of William Bullinger. Stansbury had been previously married to Mrs. Edward Clancy, and this daughter was the issue of that marriage. The reception was held at Watkins Broadview Restaurant. During the .reception, Stansbury and Mrs. Clancy discussed with Mrs. Watkins, the caterer, the method for payment of the reception bill. Mrs. Clancy offered a check and said that the check might not be secured by sufficient funds in the bank. Stansbury assured Mrs. Watkins that he would make the check good. This was corroborated by the testimony of Mrs. Watkins. It was also admitted that there was an argument or disagreement between Mr. Clancy and Stansbury at the reception.
“Stansbury testified further that after he returned to his home he was visited by William Bullinger, who lived nearby. It was suggested that Bullinger and Stans-bury drive to a restaurant and obtain some sandwiches. While they were out, Stans-bury tried to call Mrs. Clancy on the telephone to reassure her about the reception bill. After getting several busy signals, Stansbury asked Bullinger to drive him over to Clancy’s Bar so that he might speak with Mrs. Clancy. Upon their arrival at Clancy’s Bar, they were met by Clancy who came from behind the bar and threatened to throw Stansbury out of his place. Whereupon, Stansbury testified that several of Clancy’s patrons began to punch and kick him.
“Bullinger upon seeing this attack on Stansbury went out of the Bar and obtained a pistol from under the seat of his automobile and .returned to the bar with the intention to rescue Stansbury from his assailants.
“Upon his re-entry Bullinger was confronted by Roger Haydel, Jr., who attempted to attack him after an exchange of words. Bullinger struck Haydel with the pistol and it discharged, wounding Haydel *443 in the mouth. All of plaintiff’s medical witnesses indicated that Haydel has completely recovered from his wound.
“The Court carefully observed the demeanor of both the plaintiff and defendants and was impressed with the credibility of the defendants, William Bullinger and William R. Stansbury.
“The Court finds that Haydel was a person of bad character who injected himself into a situation which was not his concern. His companion, John Smith, testified that he had joined in the attack on Stansbury and that he had been in barroom brawls before.
“The other witness, Timothy Glynn, first stated that he was in the barroom when Stansbury and Bullinger arrived, and then conveniently changed his story a few pages later in his testimony and indicated that Stansbury and Bullinger were in the premises before he arrived.
“The only creditable evidence in this record was given by the defendants, Bullinger and Stansbury, and it appears that the boom was lowered on them in Clancy’s place on the evening of the shooting.
“The Court finds as a matter of fact no act on the part of defendant, William R. Stansbury, which in any way contributed to the injury of the plaintiff.
“The Court is of the opinion that plaintiff was an intermeddler who brought about his own injury because of his aggressive action. Defendant Bullinger was justified in using the ¡force necessary to protect the person of Stansbury as well as himself.
“In the case of Duncan v. Tanner, 85 So. 2d 685, it was stated:
“ ‘It is well settled that where one who provokes an assault or who is the aggressor in a barroom brawl, such as that which we have discussed sustains injury, or is even killed as the result of a brawl instigated by him, there can be no recovery.’
“The Court finds as a matter of fact that plaintiff, Roger Haydel, Jr., was the aggressor and he is barred from recovery.”
For the reasons assigned the judgment appealed from is affirmed, cost to be paid by the plaintiff-appellant.
Affirmed.