SAVOY, Judge.
This is an action in tort brought by the plaintiff against the defendant for injuries resulting from a battery inflicted upon the plaintiff by the said defendant.
After a trial on the merits, the district court granted judgment in favor of defendant and against plaintiff rejecting his demands and dismissing his suit, and also, rejected a reconventional demand which defendant had filed in said suit. The plaintiff has appealed from the ruling of the district court. Defendant has neither appealed nor answered the appeal.
For a cause of action, plaintiff alleged that on the morning of August 8, 1960, the defendant, without cause or provocation, struck and beat him about the mouth, causing severe injuries. He prayed for a money judgment against defendant.
Defendant filed a general denial of the allegations contained in plaintiff’s petition, and further answering the plaintiff’s suit, stated that he was in the Town of Marks-ville on the date of the alleged battery; that he was walking in the corridor in the basement of the courthouse when he saw the plaintiff approaching in his direction; that as they met, plaintiff cursed and attempted to strike defendant without any warning; that in order to protect himself, defendant raised one arm to ward off being struck in the face; that plaintiff succeeded in striking defendant on the arm; and, that in a further attempt to protect himself and only as a matter of defense, defendant struck plaintiff.
Defendant, assuming the position of plaintiff in reconvention, alleged that by reason of the plaintiff’s unprovocated and unwarranted attack, he suffered physical pain from the blow inflicted by plaintiff; that he became extremely upset and nervous; and, he sued plaintiff-defendant in reconvention for a money judgment.
The evidence reflects that plaintiff and defendant lived a short distance from the incorporated limits of the Town of Marks-ville, and that the parties had been feuding for some time; that on the morning of the altercation, both parties had come to Marks-ville for the purpose of transacting business. Plaintiff’s version of the incident is as stated in his petition, but it is not corroborated by any other evidence. Defendant, on the other hand, testified that on the morning in question, he met plaintiff in the hallway of the parish courthouse in Marksville, Louisiana, and without warning plaintiff attempted to strike him, and that he threw up one arm to protect himself and struck one blow at defendant in an attempt to defend himself. Defendant further testified he is right-handed, but that the blow which he struck plaintiff was with his left hand.
This testimony was corroborated by two (2) witnesses who testified at the trial, Mr. Ulysses Sayer and Mr. Willie Daigre-pont. They both testified that they were in the courthouse on the date of the altercation between plaintiff and defendant, and *810 that they saw plaintiff attempt to strike defendant. They also testified that plaintiff made the first move toward defendant.
On this evidence, the district court found the defendant to be without fault and dismissed his suit. It also dismissed the re-conventional demand filed by defendant in the instant suit.
Plaintiff applied for and was granted a new trial on the representations made by his counsel to the effect that Mr. Sayer and Mr. Daigrepont, who had testified for defendant at the trial, were actually not present at the time of the altercation.
On the hearing of the application for a new trial, there was some evidence introduced that one of the witnesses, namely, Mr, Willie Daigrepont, was not at the courthouse at the particular time the fight took place. The district court was not impressed with this evidence. Also introduced at the trial was a statement of the president of one of the banks in Marks-ville, Louisiana, that the defendant had made a deposit in said bank on that date. There was also some evidence from a merchant in the Town of Marksville that merchandise had been sold to defendant in the Town of Marksville on that date. Defendant had a receipt showing that he had paid for said articles purchased on said date.
Plaintiff also testified at the hearing that he and defendant were the only ones in the hall of the courthouse at the time of the trouble between the parties. Mrs. Emeline Woodworth, court reporter at the present time in the district court for the Parish of Avoyelles, Louisiana, testified that on the morning of the trouble between plaintiff and defendant, she saw two (2) people near where the fight occurred. This further corroborated the testimony of the defendant that the witnesses, Mr. Ulysses Sayer and Mr. Willie Daigrepont, were present at the time of the trouble.
Counsel for plaintiff, in his brief, states that since defendant has plead self-defense in bar of plaintiff’s recovery, the burden of proving the plaintiff was the aggressor rests upon him, citing the cases of Ogden v. Thomas (La.App., 2 Cir., 1949), 41 So.2d 717; and, Phoenix v. Carey (La.App., Orl., 1959), 108 So.2d 268.
In the case of Phoenix v. Carey, supra, the court said:
“A plea of self-defense is one of confession and avoidance, and places the onus of proof on the pleader. When considering such a plea, the time, place and surrounding circumstances must be considered. One might be justified to act upon an impulse of self-preservation when suddenly confronted by an assailant from ambush, or by an intruder in his home.” (Citation omitted.)
Counsel for defendant, on the other hand, contends that the courts of Louisiana have consistently held that before a plaintiff can recover damages in this type of action, he must affirmatively show that he did not provoke the difficulty and was not at fault in provoking it, citing as his authorities the cases of Ponthieu v. Coco (La.App., 2 Cir., 1944), 18 So.2d 351; Manuel v. Ardoin (La.App., 1 Cir., 1943), 16 So.2d 72; Purnell v. Jackson (La.App., 1 Cir., 1956), 91 So.2d 67; Allison v. Ivy (La.App., 2 Cir., 1956), 85 So.2d 332; Duncan v. Tanner (La.App., Orl., 1956), 85 So.2d 685; and, Haydel v. Bullinger (La.App., 4 Cir., 1961), 128 So.2d 441.
In the cases of Allison v. Ivy, supra, and Purnell v. Jackson, supra, the court said:
“The rule is well settled in Louisiana that a plaintiff can recover civil damages in an action for assault and battery committed without legal ' excuse unless he provoked the difficulty by conduct calculated to arouse the resentment or fears of the defendant. However, the courts have found sufficient fault on the part of plaintiff to bar his recovery where he struck or attempted to strike the first blow.” (Citations omitted.)
*811 Since defendant has plead self-defense as a bar to plaintiff’s suit, the burden of proof was on defendant to show that plaintiff was the aggressor. Phoenix v. Carey, supra, and cases cited therein.
We are of the opinion that the defendant has carried the burden of proof and has shown conclusively that plaintiff was the aggressor in the encounter in the instant case. The trial judge accepted the defendant’s version of the altercation, and our examination of the record convinces us that the evidence preponderates in his favor, and that the conclusions reached by the trial judge are correct.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed-