147 So.2d 745 (1962)
Fernand OUBRE, Plaintiff-Appellant,
v.
Gustave JUDICE et al., Defendants-Appellees.
No. 722.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
Provost & Ernest, by James W. Schwing and C. Arthur Provost, New Iberia, for plaintiff-appellant.
Willis & Willis, by Earl H. Willis, Martinville, for defendants-appellees.
Before TATE, FRUGÉ and SAVOY, JJ.
FRUGÉ, Judge.
This is an action in tort brought by the plaintiff against the defendants, Gustave Judice and Roger Sisco, for injuries resulting from a battery inflicted upon the plaintiff by the said defendants.
After a trial on the merits, the district court granted judgment in favor of defendant Judice and against plaintiff rejecting his demands and dismissing his suit. *746 The plaintiff has appealed from the ruling of the district court.
The facts and issues in this case are closely related to those in a companion suit decided this date, the decree in which is reported at Judice v. Oubre, 148 So.2d 182. Both appeals were consolidated for argument, and this opinion will set forth the reasons for the judgments in both suits.
In stating his cause of action, plaintiff alleges that on the morning of May 18, 1961, the defendants, without cause or provocation, struck and beat him about the back and side with a fence post, causing severe injuries. He prayed for a money judgment against defendants.
The record discloses that plaintiff left his home in a pickup truck, on the morning the alleged beating occurred, traveling in the direction of his fields which were under cultivation. A section of the dirt road, on which he was traveling traversed a three (3) acre tract of land belonging to Judice's wife (plaintiff's sister). Defendants, at this time, and a colored boy named Walter Alexander were installing a "no trespassing" sign at a point where this dirt road inters the property owned by Judice's wife. As plaintiff reached the place where the sign was being erected he brought his truck to a stop, alighted and approached the defendants. From this point on the facts are strongly disputed by all parties concerned. Therefore, we will set forth both versions of the alleged battery.
Plaintiff's version of the ensuing fight may be succinctly stated as follows. Upon reaching that part of the road that crosses Judice's wife's property, he noticed a pickup truck blocking his passage. Seeing that he could not pass, he turned his truck to the left and stopped a few feet off the road on his land. He then disembarked from his truck and commenced to walk towards the defendant, Judice. Simultaneously, Judice started to walk towards plaintiff. Words were then exchanged concerning the "no trespassing" sign and according to plaintiff, Judice then picked up a fence post and swung at him. The first swing allegedly missed plaintiff, at which time he drew out a pocket knife from his pocket. The next swing of the post connected with plaintiff's head, rendering a glancing blow. As this blow was delivered plaintiff, using his pocket knife, cut Judice on the right arm. While the above described fray was taking place, Sisco supposedly picked up another post and struck plaintiff twice about the back and side. Upon hearing Judice's cry that he had been cut, Sisco released the post and went over to aid him. They then got into their pickup truck and departed.
Judice's version of the fight differs substantially from plaintiff's account. He claims that plaintiff alighted from his pickup truck with the knife in his hand and immediately proceeded to cut him on his right arm. He then alleges that his son-in-law, Sisco, tried to take the knife away from plaintiff, but, after failing in his initial efforts, backed off and picked up one of the fence posts. Sisco then struck plaintiff with the post forcing him to drop the knife. At this time Judice and Sisco got into their truck and left the scene of the fight to seek medical aid for Judice's cut arm.
There is testimony in the record to corroborate both plaintiff's and defendants' version of this unfortunate fight. Both plaintiff and Martha Thomas, a negro woman who witnessed the fight, testified that Judice swung at plaintiff, although the latter was not certain what Judice had in his hand, since she viewed the combat from a considerable distance. On the other hand, Judice, Sisco and the colored boy, Walter Alexander all testified that Judice never had a fence post in his hand; that he used only his hands to try to protect himself. Judice is the only one who testified that plaintiff approached him with the knife open and in his hand.
The trial judge found it impossible from the evidence adduced on the trial of this case to determine which party was at fault and thus denied plaintiff's demands. For *747 the same reasons he denied the demands of Judice in the companion suit.
It is firmly established in the jurisprudence of this State that the findings of the trial court upon questions of fact are entitled to great weight, and that when only issues of fact are involved, it is incumbent upon the appellant, in order to secure a reversal of the decision from which he appeals, to show manifest error in the judgment. Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Currie v. Government Employees Ins. Co., La.App., 90 So.2d 482; Commercial Credit Corp. v. Morris, La. App., 107 So.2d 563. In the case at bar, the trial judge, who saw and heard the witnesses, was obviously of the opinion that both plaintiff and Judice were equally at fault in causing the fray. We find no manifest error in this conclusion.
It is also well settled under the jurisprudence of this State, that when the defendant raises the defense of provocation, the plaintiff cannot recover damages if he is found to have been at fault in provoking the difficulty in which the injury is received. Dittmann v. Long, La.App., 114 So.2d 44. Thus, a plaintiff who provokes an assault and battery by insults, abuse, threats, or other conduct, that should reasonably be expected to produce physical retaliation, cannot recover for his injuries, although, the defendant may be equally responsible for the resulting fight. Massett v. Keff, 116 La. 1107, 41 So. 330; Miller v. Meche, 111 La. 143, 35 So. 491; Lamartiniere v. Gourney, La.App., 139 So.2d 808; Robertson v. Palmer, La.App., 74 So.2d 408; Smith v. Parker, La.App., 59 So.2d 718; 16 Tul.Law Rev. 609, 615.
As concluded by the trial court, both plaintiff and Judice were responsible for this unfortunate fight. Accordingly, neither plaintiff nor defendant should be allowed to recover for the injuries which they received.
Counsel for plaintiff calls our attention to the fact that the lower court omitted judgment as to the defendant, Roger Sisco. Since no judgment as to this defendant was rendered, his liability vel non was not brought up by this appeal. Accordingly, we can express no opinion as to the merits of plaintiff's suit against this defendant.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff's costs.
Affirmed.