TATE, Judge.
The plaintiff brothers were each shot by the defendant Wester. They (“Earl” and *856 “Everrette”) bring this suit for personal injuries thus sustained. The trial court awarded them judgment.
By his appeal to this court the defendant Wester contends that no recovery should be allowed because the Broadway brothers, the plaintiffs, were the aggressors who provoked the fight, Massett v. Keff, 116 La. 1107, 41 So. 330, Oubre v. Judice, La.App. 3 Cir., 147 So.2d 745, Ponthieu v. Coco, La.App. 2 Cir., 18 So.2d 351, and because he, Wester, acted in justified self-defense, Lamartiniere v. Gourney, La.App. 3 Cir., 139 So.2d 808, Wilson v. Dimitri, La.App. 4 Cir., 138 So.2d 618.
These contentions are urged by counsel for the defendant-appellant, persuasively based upon his interpretation of the evidence as supporting the defendant Wester’s account of the fight. By this interpretation, Wester was beset by the two brothers and was forced to use his pistol to avoid serious injury to himself. In essence, however, these skillful arguments amount to a contention that the trial court committed manifest error in accepting the contradictory version of the altercation to which the plaintiff brothers and the only two independent witnesses testified.
By this opposing version, in some respects corroborated by admissions by the defendant Wester, the shooting of the Broadway brothers resulted as follows:
In the course of a telephone conversation, the plaintiff Earl, 25, and the defendant Wester, 41, became involved in a heated personal dispute over business matters. Wester challenged Earl to meet him at the city hall to settle the dispute.
Earl picked up his older brother Everette, 33, and then parked his car by the city hall of the small rural community in which they lived. It was nine o’clock in the evening, and the scene was deserted except for two young men (the independent witnesses) sitting on a log in front of a store across the street. The scene was well-lit by a street light.
Shortly afterwards, the defendant Wester-drove up. Earl went to Wester’s automobile. After a scuffle there, Wester came-out of his car with a pistol in his hand. Earl then backed away. Wester followed' him as Earl circled entirely around' Wester’s car to return to his own.
Earl testified that, by doing so, he was-trying to leave the scene and that, as lie-turned to open his car door, Wester ran-swiftly up and struck him a heavy blow on-his back with the pistol. (After the fight, the attending physician found this bruise and contusion on Earl’s back.) Earl then turned to grapple with his armed pursuer, pushing the pistol arm straight up. Two shots were fired upwards, and then Wester drew his pistol down and shot Earl in the chest.
All this time, Everette had stood on the far side of Earl’s car. From the moment Wester appeared with his pistol, all witnesses (except Wester) agree that Everette continuously urged Earl to leave the scene. After Earl was shot, Everette moved forward towards his brother, yelling that Earl had been shot. Wester, who was on the far side of Earl’s prostrate body from Everette, then shot Everette in the abdomen. All witnesses (except Wester) agree that Everette had never threatened Wester nor participated in the altercation in any other way.
Under the thus-summarized version of the accident to which the plaintiffs’ witnesses testified, the defendant Wester is liable for the injuries resulting from his shooting the Broadway brothers. As to Everette, the shooting was unprovoked. As to Earl, even if we assume this brother was originally an aggressor, he is nevertheless entitled to recover because the defendant Wester used force beyond what was reasonably required under the circumstances and moreover did so after Earl had made a bona fide and reasonably perceivable retirement from the affray. Oakes v. H. Weil Baking Co., 174 La. 770, 141 So. 456; Rivers v. Brown, La.App. 3 *857 Cir., 168 So.2d 400, certiorari denied; McInnis v. Terry, La.App. 1 Cir., 121 So.2d 329, certiorari denied; Marcantel v. Young, La.App. 1 Cir., 118 So.2d 156. See also Comment, Recovery by Aggressor for Personal Injuries Received in Encounter, 12 La.L.Rev. 469, 474-76 (1952).
In awarding judgment to the plaintiffs, the trial court rendered only un-transcribed oral reasons for judgment. Nevertheless, this reviewing court may assume that the trial court, in reaching its decision, had rejected defendant’s version of the encounter by which defendant was not liable, and had accepted instead the plaintiffs’ version which proved liability on the part of the defendant. For on appeal there is a presumption that the trial court judgment is correct and decided in accordance with the law and that evidence in the record which supports the judgment’s correctness, with the burden being upon the appellant to show otherwise. Cryer v. Ring, La.App. 3 Cir., 149 So.2d 451, certiorari denied; Depuy v. Iowa Mutual Ins. Co., La.App. 1 Cir., 113 So.2d 830, and cases therein cited.

Quantum.

The defendant-appellant additionally contends that the awards of general damages to the plaintiffs are excessive.
Earl was awarded $1,450.35 prov- • en special damages, plus $4,000 general damages for the personal injuries resulting from his being shot in the chest, which • caused a lung injury and a fractured rib. The other brother, Everette, was awarded '$1,974.55 proven special damages, plus $6,-■000 general damages for personal injuries resulting from his being shot in the right •abdomen; this serious wound caused a pelvic bone and muscle damage and internal complications resulting in prolonged •disability and discomfort over at least a .year.
Neither of these awards constitute an •abuse of the great discretion accorded the trier of fact in the award of general damages, and, accordingly, they will not be disturbed upon appellate review. LSA-Civil Code Article 1934; Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.

Decree.

For the foregoing reasons, we affirm the judgment of the trial court awarding the plaintiffs-appellees damages. The defendant-appellant is to pay the costs of this appeal.
Affirmed.