SAVOY, Judge.
This is an action in tort instituted by the surviving widow of John Hansen Trahan, and the children born of said union, against defendant as a result of the defendant’s killing Trahan with a pistol. Defendant answered the suit setting up as defenses to the suit, (1) self defense; (2) assumption of risk by Trahan; and (3) last clear chance doctrine.
Without giving reasons, the trial court rendered judgment in favor of plaintiffs and against defendant for stated sums. From the judgment defendant has appealed to this Court.
The evidence reveals that on the morning of September 16, 1967, Trahan was a passenger in a vehicle being driven by Curtis Forrestier in the Town of Duson, Louisiana. Sometime during the morning defendant was also driving his car in Duson, and at an intersection in said town, the two vehicles had a near collision. Both drivers got out of the respective cars, and they were having an argument and appeared about to exchange physical blows when Trahan alighted from the Forrestier vehicle and restrained Forrestier in an effort to avoid any trouble. Both drivers went to their respective cars and drove away from the scene of the incident.
During the afternoon of the same date mentioned above, Forrestier and Trahan went to a bar and lounge in Duson and were drinking beer. Defendant came on the premises and asked Forrestier to go outside.
After the parties went out they had some words, and Forrestier struck defendant. He continued to advance on him when Richard Lagneaux, Jr., brother-in-law of Forrestier, attempted to restrain him. About that time Trahan came out of the bar and started advancing toward defendant. There is no testimony showing that Trahan was belligerent or that he threatened defendant. Shortly thereafter defendant pulled out a pistol from his shirt and shot Trahan. Trahan died shortly thereafter.
The principal defense to this action as contended by counsel for defendant is that Trahan’s advancing on the defendant placed him in bodily fear of being harmed, and he shot Trahan in self defense.
Besides Forrestier and defendant, the only other eye witness to the unfortunate incident was Wade Robin, who operated a barber shop in the vicinity of the killing. He testified he saw the trouble between Forrestier and defendant, and also the shooting of Trahan by defendant. He stated he did not hear any portion of the conversation, but that he witnessed the trouble. He testified he saw Trahan advancing on defendant. The defendant, although present in the courtroom, did not take the witness stand.
In Rivers v. Brown, 168 So.2d 400 (La.App. 3 Cir. 1964), at page 403, this Court said:
“This brings us to the plea of self-defense. The general rule is that a person may use such force as is reasonably necessary to protect himself from bodily harm where he believes, or has reason to believe, from the circumstances that his person is in danger.” (Citations omitted.)
In the instant case Trahan was unarmed. There is no showing that he had any weap *352 on his person. There is also no evidence showing that Trahan threatened defendant or made any gestures indicating to do defendant bodily harm. That same morning he had acted as peacemaker between the parties.
Under the circumstances of this case, it is our opinion that defendant was not justified in shooting and killing Trahan.
We have considered the defenses of assumption of the risk and last clear chance, and have determined that they are not applicable to the factual situation herein.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.