REGAN, Judge.
Plaintiff, Frank Muller, instituted this suit against the defendants, Mr. and Mrs. Charles Zimmer, endeavoring to recover the sum of $50,300.00, representing personal injuries and medical expenses incurred as *471 the result of an assault upon him by the defendants, which consisted of having his face • slapped by Mrs. Zimmer, without provocation therefor, and of being struck upon the head with a stick by Charles Zimmer.
The defendants answered and asserted that the plaintiff had cursed Mrs. Zimmer and then assaulted her by pushing her to the ground, and Charles Zimmer then repelled the attack by swinging a stick at the plaintiff, who, as the aggressor, was not entitled to recover damages for the injuries resulting therefrom.
From a judgment dismissing the plaintiff’s suit, he has prosecuted this appeal.
This case was consolidated with a similar suit arising out of the same altercation in order to facilitate and expedite the trial thereof. The suit referred to is entitled Schindler and Zimmer v. Muller, La.App., 155 So.2d 472. In that case the .Zimmers, who are the defendants herein, sued Muller, the plaintiff in this matter, for damages which they incurred as a re.sult of Muller’s assault upon them.
The record reveals that the plaintiff and the defendant, Charles Zimmer, are neighbors who have been feuding over a period of fifteen years. Plaintiff is an owner of ■the Orleans Broom and Mop Factory, which[1] is located next to the residence of the defendants. The feud initially developed when Zimmer refused to sell to Muller a strip of land adjacent to the broom factory and the litigants have been squabbling over picayunish details ever since.
During April of 1962, the bone of contention then current was Zimmer’s refusal to allow Muller to enter upon his property in order to paint a wall of the broom factory.
Finally, on Saturday April 21, 1962, at :about 8 p. m. the stage had been adequately set, in the course of fifteen years of feuding, for the eruption of a spontaneous ■overflow of powerful emotions which, of ■course, ultimately provoked this litigation.
Muller, accompanied by his wife and child, drove to his factory in order to procure certain business documents. Simultaneously, Zimmer, who had visited a neighborhood drug store, was returning to his home. The inevitable exchange of epithets ensued, wherefter both men engaged in a wrestling match which[1] was occasionally punctuated by fisticuffs. When this scuffle which was of a relatively short duration terminated, Zimmer left the scene to go home. Muller did not enter his factory. Instead he drove around the city for approximately twenty minutes and then returned to the factory.
When Muller stopped his automobile in front of the factory, the Zimmers began walking toward the vehicle. Charles Zim-mer was armed with a stick. Mrs. Zimmer had intended to speak with Mrs. Muller in an effort to settle the longstanding feud. However, as Muller saw them approaching, he emerged from his car and called Mrs. Zimmer a “rat and an S.B.” She then slapped him across the face. He pushed her away from him, causing her to lose her balance and fall to the ground. Zimmer then chased Muller and struck him on the head with the stick, inflicting a laceration therein of about five inches in length. The two men wrestled until they were separated by spectators who had arrived to view the fracas.
Predicated on the foregoing factual revelation, the trial court concluded that both the plaintiff and Charles Zimmer were aggressors. In written reasons for judgment he pointed out that:
“ * * * They both had adequate Opportunity to retire from the fray and use legal methods to obtain relief but failed and refused to do so, and neither can be heard to complain when they are injured as a result of their failure to resolve their differences by legal means and by embarking upon a course of belligerent conduct.”
Our jurisprudence is well settled to the effect that an aggressor is preclud *472 ed from recovering damages which he incurs as the result of his own actions in provoking an altercation. However, it has also recognized that the original aggressor may recover if the person attacked has used excessive force in defending himself. Our jurisprudence further imposes a duty upon the person assaulted to retire from the affray if an opportunity presents itself, and his failure to- do so constitutes a counter-aggression. This is so because he has not availed himself of the opportunity to end the altercation by a lawful means.[1]
The actions of all three litigants characterized them as aggressors which, of course, precludes their recovery herein.
Muller explained that he left the scene of the first skirmish without obtaining the documents which he had come for because he feared for the safety of his wife and child. Obviously he possessed an opportunity to procure these documents after Zimmer left the scene. However, despite the foregoing excuse for driving away from the factory, Muller returned at a later time still accompanied by his wife and child, and when he saw the Zimmers in the vicinity thereof, one of whom was armed with a stick, he stopped his vehicle instead of moving away from the environment. Thus it is quite obvious that Muller desired to resume hostilities.
Zimmer, on the other hand, was not endeavoring to effect a peaceful settlement since he approached Muller brandishing a stick. He likewise possessed an opportunity to retire from the affray and actually did so, but he too returned to fight again.
Mrs. Zimmer’s injury was a result of her imprudence in injecting herself into the brawl. She provoked Muller’s retaliation by slapping him in the face. When he pushed her away to ward off her blow, he did not use excessive force in connection therewith. The record reveals that she simply lost her balance and as a result thereof, fell to the ground.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Landry v. Gilger Drilling Co., La.App., 92 So.2d 482.