169 So.2d 612 (1964)
James CRAWFORD, Jr., Plaintiff-Appellant,
v.
MARYLAND CASUALTY COMPANY et al., Defendants-Appellees.
No. 10284.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1964.
*613 John S. C. Massey, West Monroe, for appellant.
McKeithen, Mouser & McKinley, Columbia, for appellees.
Before HARDY, GLADNEY and BOLIN, JJ.
HARDY, Judge.
This action by plaintiff seeks recovery of damages resulting in personal injuries from an allegedy unprovoked assault by the defendant, R. C. Ferrington, a Deputy Sheriff of Caldwell Parish. Joined as defendants in the action were George E. Erskine, Sheriff of Caldwell Parish, and Maryland Casualty Company, surety on the bonds of the named officers. From judgment rejecting plaintiff's demands he has appealed.
Most of the material facts were established without substantial dispute. On June 18, 1963, plaintiff, a negro musician and the leader of a band or orchestra, was driving his Ford convertible automobile en route from New Orleans to Monroe, in which latter city plaintiff's band had a professional engagement. Five of the members of plaintiff's musical organization were occupants of the automobile which was drawing a trailer containing the band instruments and other luggage. The principal defendant, Ferrington, was en route from Monroe to Columbia and while still within the boundaries of Ouachita Parish, picked up a radio report from State Police Troop "F" with reference to a suspected drunken driver proceeding north on the highway between Columbia and Monroe. Ferrington offered to assist in apprehending the suspected driver, obtained a description of the car, and, shortly before reaching the Caldwell Parish line, observed the passage of a car according with such description. Ferrington turned his automobile, gave chase and halted plaintiff's car near the southern limits of the City of Monroe. Immediately after he had stopped the Crawford car, Ferrington was joined by police officer Maroney of the City of Monroe and by State Trooper Joe Smith, both of whom had been moving to intercept the Crawford car.
After being halted by Deputy Ferrington, the plaintiff stepped out of his car and moved to a position at the rear of the vehicle immediately in front of the trailer. Crawford surrendered his driver's license, was informed that he was under arrest on a charge of driving while intoxicated, and, according to the weight of the testimony, it appears that he reacted with some belligerence, engaged in argument with Ferrington as to the correctness of the charge, and in the course of his verbal altercation, made a motion with his right hand into the side pocket of his trousers. Thereupon, fearing that Crawford was reaching for a weapon, Ferrington pulled a wooden club or nightstick from the belt of his trousers and struck Crawford a severe blow on the side of the head, which resulted in serious and permanent injuries.
The opposed contentions are represented by the claim of plaintiff that the assault was unprovoked and the contention of defendant, Ferrington, that the blow was struck in self defense, engendered by fear of bodily harm.
Both Officer Maroney and Trooper Smith were in close proximity to the principal parties involved at the time of the occurrence of the accident, but neither of them could testify as to the exact nature and *614 sequence of events leading up to the blow. However, the testimony preponderates to the effect that plaintiff was under the influence of intoxicating liquors and that his words and actions were of a somewhat beligerent nature.
We confess that there are some points involved in the study of this case which raise some questions in our mind. The testimony of Ferrington as to the movement of plaintiff's hand is not corroborated but it is not denied. In fact, although plaintiff testified extensively in response to direct and cross examination, the record does not show that he was even asked by either counsel as to whether he made the threatening motion toward his pocket. Plaintiff is a man of slight stature, about five feet seven and one-half inches in height and weighing approximately 150 pounds, while Ferrington stands over six feet and weighed in the neighborhood of 250 pounds. There is some confusion in the testimony as to whether plaintiff was searched for weapons or, in the vernacular, "shaken down" by one or more of the officers prior to the time he was struck. It is also clear as observed by the district judge that the amount of force used cannot be condoned and had an unfortunate and tragic result.
Despite the above factors, the ultimate question to be decided is whether the defendant, Ferrington, had reasonable ground for fear or apprehension as to the possibility of bodily injury. Our repeated examination and careful analysis of the record leads to the conclusion that the preponderance of the testimony requires an affirmative answer. Plaintiff was under the influence of intoxicants, clearly evidenced not only in an uncooperative but belligerent and offensive attitude, and while there was no apparent external evidence of his possession of a weapon, his action in reaching into his pocket must be considered as sufficiently provocative to have justified the use of force. The possibility that plaintiff's hand might have emerged with a small caliber revolver or a switchblade knife is entitled to serious consideration. The risks which are necessarily faced by peace officers in the discharge of their duties cannot be over-emphasized. An incident of the nature which is here under consideration is of such instantaneous development and immediate menace that it does not afford time for reflection and consideration as to the nature or degree of necessary force which an officer might use in protection of his own life and safety.
Under the circumstances, we find no error in the conclusion in the instant case that plaintiff has failed to discharge the burden of proof and that the evidence preponderates in support of the justification of the action of the defendant, Ferrington.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.