203 So.2d 773 (1967)
Ronald S. GALLAGHER, Plaintiff-Appellant,
v.
Albert W. TAYLOR, Defendant-Appellee.
No. 10853.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1967.
*774 Robert S. Cooper, Jr., Baton Rouge, for appellant.
Lynch & Rogers, Shreveport, for appellee.
Before GLADNEY, AYRES, and BARHAM, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of the defendant damages arising out of an assault and battery allegedly committed by defendant upon plaintiff. After trial, the court obviously concluded plaintiff had not sustained the burden of proof imposed upon him and established that he was not the aggressor in the affray. Consequently there was judgment rejecting plaintiff's demands and, from that judgment, plaintiff appealed.
The defendant, in his pleadings, as he does in his testimony, admits the assault and battery upon plaintiff. Though there is no affirmative defense alleged, this cause was tried upon the assumption that defendant had charged plaintiff as being the aggressor. This course having been pursued without objection, it will be presumed that the pleadings have been enlarged to include that defense. The evidence is, however, convincing that defendant, not plaintiff, was the aggressor in the affray.
Plaintiff, among others, was with Edward Cecil Weems and Duvall George, at the latter's office, where squirrel mulligan and drinks were prepared and served. Those present watched a ballgame on television, enjoyed the drinks, and played games until after dark, whereupon Weems proceeded to drive some of the guests to their homes. Among those guests was plaintiff.
After driving some of the guests home, Weems stopped at his own office, before carrying plaintiff to his residence only two or three blocks distant, to phone other guests so that the activities of the evening might be continued. Plaintiff remained in Weems' car, parked in front of Weems' office, while Weems repaired to his office to make the calls. Weems testified that when he left the car to go into his office plaintiff was apparently asleep. Among those called and invited was defendant, Taylor. Taylor inquired who was there and, upon being informed of plaintiff's presence, stated, "Well, I'll be over there in five minutes. I want to whip him anyway."
Plaintiff testified he was asleep in Weems' car when he was assaulted and beaten by defendant. Defendant testified that, after arriving at Weems' office, plaintiff jumped out of the car in which he was sitting and assaulted and struck him, the defendant, upon his shoulder. Another witness testified that defendant called him shortly after the affray and stated that he, Taylor, had "worked plaintiff over." Weems testified that after the initial affray, plaintiff came into his office and, while reporting the occurrence and complaining of his injuries, including a broken jawbone, defendant followed plaintiff and, in Weems' presence, again assaulted plaintiff. While there were no witnesses to the affray testifying other than plaintiff and defendant, whose testimony is in direct conflict as to who started the fight, the facts and circumstances to which we have referred support plaintiff's position that defendant was the aggressor. Moreover, defendant summoned but failed to call, after his arrival in court, another witness, a friend of his, familiar with the occurrence.
Even if defendant's version of the affray should be accepted as true, defendant could not derive comfort therefrom. From defendant's own testimony, it can only be concluded that if plaintiff actually struck *775 defendant at all, the blow was slight and no injury resulted therefrom. To the contrary, plaintiff was severely beaten, his jaw was broken, a fractured mandible, in two places. There was also a fracture of the lower jaw from approximately the mid-line extending obliquely over to the right, completely through the jaw. This wound was compounded into the mouth, that is, the overlying soft tissue was torn and the fracture line of the jaw could be seen through the mouth. Another fracture was just behind a wisdom tooth on the left side. The fractured bones were from moderately to severely displaced.
The rule is well established in the jurisprudence of this State that when one, though first acting in self-defense, resorts to excessive violence and unnecessary force in repelling an assault, he becomes liable as an aggressor and is subject to an action for damages for assault and battery. Bethley v. Cochrane, 77 So.2d 228 (La.App., Orl.1955 writ denied); Brazil v. McCray, 96 So.2d 887 (La.App., 1st Cir. 1957writ denied); Wilson v. Dimitri, 138 So.2d 618 (La.App., 4th Cir. 1962).
Thus, there is an exception to the general rule that an aggressor is precluded from recovering damages which he incurs as a result of his own actions in provoking an altercation. Accordingly, even where a plaintiff is wrong, such wrong does not bar his recovery of damages for a battery where defendant's wrong was out of all proportion to the wrong committed by plaintiff. Bauman v. Heausler, 188 So.2d 189 (La. App., 4th Cir. 1966writ refused, 249 La. 719, 190 So.2d 235 [1966]).
As indicated above, plaintiff sustained severe and grievous injuries. Pain, suffering, and inconvenience were considerable. He was hospitalized for a period of five days during which he underwent surgery to set, realign, and immobilize his broken jaw. During a period of six weeks, due to the braces on his jaw and teeth, he could only be served liquids because of the impossibility of opening his mouth for food. Medical expenses were incurred to the extent of $812.
In making an award of damages, the ability of a defendant to pay, where appropriate, should be given consideration. Defendant, at the time of trial of this cause, was 27 years of age, married, and the father of five children. His earnings as a driver of a wrecker for a towing concern, which job he held for four months, averaged approximately $75 per week. We think an award of damage in plaintiff's favor in the sum of $1,000, in addition to the medical expenses, is justified by the circumstances of this case.
The judgment appealed is accordingly annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed there be judgment herein in favor of plaintiff, Ronald S. Gallagher, against the defendant, Albert W. Taylor, for the full sum of $1,812 with 5% per annum interest thereon from judicial demand until paid, and for all costs.
Reversed and rendered.