HOOD, Judge.
This is an action for damages instituted by Zeb Deville, Sr. against Rodney J. Wilks. Plaintiff alleges that he sustained physical injuries when he was assaulted and struck by Wilks. Judgment was rendered by the trial court rejecting plaintiff’s demands, and plaintiff has appealed.
The issues presented are: (1) Was plaintiff Deville the aggressor in the altercation which resulted in his injuries? and (2) in the alternative, did defendant Wilks use excessive force in resisting an attack by Deville ?
The evidence shows that plaintiff and defendant had two physical encounters on October 14, 1963. The first one occurred about 8:00 o’clock that morning on the shoulder of Louisiana Highway One, near the City of Alexandria. The parties were separated by James Bailey, and shortly thereafter at Bailey’s suggestion they left the scene in separate vehicles to go to the Sheriff’s office in Alexandria for the purpose of settling their dispute-'in a more orderly manner there. About thirty minutes later, after they had driven about three miles and before they reached the Sheriff’s office, they brought their vehicles to a stop near a curb on Rapides Avenue in Alexandria, and they became engaged in the second altercation or fight there. Plaintiff sustained injuries to his head and face as a result of one of these affrays.
There is a dispute as to which of the two parties was the aggressor in the first encounter and which was the aggressor in the second one. There also is a conflict in the testimony as to whether plaintiff’s injuries were sustained as a result of the first altercation or as a result of the second one. The trial judge concluded that plaintiff “without any question” was the aggressor in the second encounter, and that his injuries were sustained as a result of that second altercation.
Plaintiff Deville testified that in the first altercation which occurred on Highway One, Wilks began beating him about the face and head, without any warning or provocation whatsoever, and that as a result of that beating he sustained the injuries which form the basis for this suit. He stated that as a result of that first encounter he was “all bloody,” and that his shirt was torn and bloody. Defendant Wilks admits that he tried to strike plaintiff one time in that affray, but he stated that he missed and that he thus did not hit plaintiff at all during the first encounter. He testified that plaintiff sustained no injuries or bruises of any kind, and that no blood was shed and no clothes were torn as a result of that altercation.
With reference to the second encounter, plaintiff Deville concedes that he struck the initial blow immediately after the parties met on Rapides Avenue, and that he continued in his attempts to strike other blows until they were separated. He testified that Wilks did not strike him at any time during the second altercation, that plaintiff “took a swing” at Wilks when they met on that occasion, and that all Wilks did thereafter during the second encounter was to “push” Deville and hold him at arm’s length so that Deville could not strike Wilks any more. Plaintiff thus contends that his injuries were not sustained in the second altercation. Defendant Wilks’ version of the second affray is entirely different. He testified that Dev-ille began beating him about the head before Wilks could get out of his truck, and that after Wilks succeeded in getting his feet on the ground he blocked several swings made at him by Deville, and that he then struck plaintiff several times with his fists, causing plaintiff to sustain injuries about his face and head. He stated that *130 Deville was bleeding immediately after the second encounter.
Mr. James Bailey and his wife witnessed both encounters. After Bailey intervened and separated the parties from their first altercation on Highway One, he and his wife followed them into town, and they not only witnessed the second incident, but Mr. Bailey also separated them on that occasion. Bailey saw no blows exchanged during the first encounter, but he did see blows exchanged by both parties during the second one. Mrs. Bailey saw blows exchanged on each of these occasions. Both of these parties testified, however, that plaintiff was not injured as a result of the first affray, but that he was injured and was bleeding after the second one.
At least three other persons who witnessed the first altercation, including two school children, testified that defendant Wilks struck plaintiff on that occasion, but none of these witnesses saw any blood or evidence of injury to plaintiff as a result of that encounter. A witness to the second altercation testified that he noticed no bruises or other evidence of injury to plaintiff before the second altercation took place. The evidence, including the testimony of plaintiff’s wife, shows that plaintiff had visible bruises and was bleeding after the second altercation occurred.
The evidence convinces us, as it did the trial judge, that plaintiff was the aggressor at the time the second physical encounter between the parties occurred, and that all of Deville’s injuries were sustained as a result of that second altercation.
Our law is settled that a party cannot recover damages for a battery committed on his person, if the evidence establishes that he was at fault in provoking the difficulty in which the injury complained of is received. Alexander v. McCray, 190 So.2d 463 (La.App. 1 Cir. 1966); Oubre v. Judice, 147 So.2d 745 (La.App. 3 Cir. 1962); Lamartiniere v. Gourney, 139 So.2d 808 (La.App. 3 Cir. 1962); Robertson v. Palmer, 74 So.2d 408 (La.App. 1 Cir. 1954).
Although plaintiff concedes that he initiated the second fight, he contends that defendant Wilks was the aggressor in the first one, and that the second was merely a continuation of the altercation which started earlier on Highway One. He thus argues that defendant Wilks must be held to have been the aggressor and to have provoked the second as well as the first affray. We find no merit to that argument. The first encounter ended when the parties were separated and left the scene in separate vehicles. It is unnecessary, therefore, for us to consider or to determine which of the two parties was the actual aggressor in the first altercation.
Our conclusion is that plaintiff provoked the difficulty which resulted in his injuries, and that he thus is not entitled to recover damages for those injuries from his adversary.
Plaintiff contends, finally, that defendant used excess force in defending himself from the attack made on him by Deville, and that he thus is entitled to recover damages from defendant, even though plaintiff may have been the initial aggressor.
The established rule is that a party who resorts to excessive violence and unnecessary force in repelling an assault, although initially acting in self-defense, becomes liable as an aggressor and is subject to an action for damages for assault and battery. Gallagher v. Taylor, 203 So.2d 773 (La.App. 2 Cir. 1967).
In the instant suit, however, the evidence fails to show that defendant Wilks used excessive force in repelling the assault made on him by Deville. Wilks did not use a weapon of any kind. He used his hands and fists to defend himself, and only a few blows were struck. The evidence indicates that plaintiff was still attempting to strike Wilks when the fight was stopped by Bailey. We agree with the trial judge *131 that there is no merit to this final argument made by plaintiff.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant. ,
Affirmed.