HEARD, Judge.
This is a tort action by Gary William Flores against Billy Stegall, Danny Exline, James J. Exline and Howard Black. Flores alleged he was injured when beaten with a chain wielded by Stegall, and that Danny Exline held a gun on him and threatened great bodily harm while the beating occurred. Flores alleges further that Howard Black drove Danny Exline and Stegall to the scene of the altercation. James J. Exline, father of Danny Exline, was made defendant, as his son was a minor at the time of the alleged assault and battery.
The trial judge rendered judgment in favor of defendants rejecting plaintiff’s demands. Flores was granted a devolutive appeal in forma pauperis from this adverse judgment.
Flores assigns as error the following: the court committed manifest error in failing to even consider the “excessive force” used by defendants when they introduced a shotgun and chain into a fistic encounter which resulted in severe injuries to plaintiff.
Without reciting facts in detail, it appears that as a result of long standing bad feelings between Stegall and Flores the two agreed to meet at Sam’s Place on the night of August 1, 1970 to settle their differences in a pugilistic encounter. Flores arrived at Sam’s and awaited his opponent. After approximately an hour or an hour and a half his adversary arrived, driven to the scene by Howard Black and accompanied by Danny Exline. The combatants squared off, Flores inquiring of Stegall as to his proposed use of the chain which Ste-gall had in his hand. Stegall replied that his possession of the chain was not intended as an idle gesture. At this point, Danny Exline was holding a shotgun on some of Flores’ friends, who were eventually able to persuade him to abandon use of the firearm. By this time the two combatants were engaged in fisticuffs. The fight eventually ended and Flores later found that his left arm was broken. It is not clear who struck the first blow. Flores testified that Stegal swung his chain and that he kicked Stegal simultaneously. *146 Flores’ brother James, who was present at the encounter, did not see Stegall strike Gary with the chain. James was preoccupied at this time pleading with Danny Ex-line to abandon use of his weapon. Nor did Cecil Glenn Kelly observe Stegall strike with the chain. He was also engrossed in discussion with Danny Exline.
The jurisprudence of this state is to the effect that an aggressor is precluded from recovering damages which he incurs as the result of his own actions in provoking an altercation. However, it has also been recognized that the aggressor may recover if the person attacked has used excessive force in defending himself. Muller v. Zimmer, 155 So.2d 470, La.App. (4th Cir. 1963); Buchert v. Metropolitan Life Insurance Company, La.App., 219 So.2d 584 (4th Cir. 1969); Gallagher v. Taylor, La.App., 203 So.2d 773 (2d Cir. 1967); Deville v. Wilks, La.App., 229 So.2d 128 (3d Cir. 1969); Murray v. Dominick, La.App., 236 So.2d 626 (2d Cir. 1970); Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969); Wilson v. Dimitri, La.App., 138 So.2d 618 (4th Cir. 1962); Brazil v. McCray, La.App., 96 So.2d 887 (1st Cir. 1957); Bethley v. Cochrane, La.App., 77 So.2d 228 (Orl.Cir.1955).
There can be little doubt that Flores should be characterized an aggressor. He was ready to engage in fisticuffs with his opponent, and had made plans to do so. Since, in our opinion, Flores was an aggressor, this precludes his recovery unless he proves that his injuries were the result of excessive retaliation.
In our opinion Flores failed to prove use of excessive force on the part of Stegall. No one except Flores testified that he was struck by the chain, and his testimony standing alone fails to preponderate that he was struck with the chain.
For the reasons assigned, the judgment of the trial court is affirmed with costs of the appeal to be borne by appellant, Gary Flores.