286 So.2d 418 (1973)
Floyd PORCHE
v.
Edmond FERNANDEZ and Carl Barns Fernandez.
No. 5634.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
Marion F. Edwards, Gretna, for defendant-appellant.
Gordon Hackman, Boutte, for plaintiff-appellee.
Before SAMUEL, J., and CONNOLLY, and DURAN, JJ. Pro Tem.
CONNOLLY, Judge Pro Tem.
Floyd Porche, Plaintiff, sued Edmond Fernandez, Jr. and Carl Burns Fernandez, Defendants, for personal injuries and damages arising out of an altercation that occurred on May 18, 1969.
In a written opinion, the District Court rendered judgment in favor of Plaintiff, Floyd Porche, and against Defendant, Edmond Fernandez, Jr., and dismissed Plaintiff's suit against Carl Burns Fernandez. Edmond Fernandez, Jr. has appealed. We affirm the judgment of the District Judge.
The altercation in question took place on the street fronting Plaintiff-Appellee's house in the late afternoon of May 18, 1969.
Plaintiff and his wife had been entertaining friends in the vicinity of their front yard and were bidding farewell to departing guests. The Fernandez automobile, towing a boat, passed in front of the Porche home. The Fernandez brothers and wives were returning home from Lafitte, Louisiana, where they had viewed the *419 pirogue races. Edmond Fernandez was at the wheel of the vehicle.
The testimony is to the effect that after the Fernandez vehicle passed the front of the Porche residence, the following events occurred. Mrs. Porche hollered at the driver of the Fernandez automobile "to slow down"; Edmond Fernandez, Jr. stopped the car, got out of the car, and was approached by the Plaintiff; words were exchanged between Floyd Porche and Edmond Fernandez, Jr., the wives and others; an altercation ensued between Porche and Edmond Fernandez, Jr., in which the latter struck the initial blow; the Plaintiff-Appellee suffering a severe beating at the hands of Edmond Fernandez, Jr., and the injuries were diagnosed as contusions, abrasions, cerebral concussion and a fractured nasal bone.
The evidence is conflicting as to whether the initial striking of Porche by Edmond Fernandez, Jr. and the ensuing beating, was provoked by the throwing of a beer can at Edmond Fernandez, Jr. by the Plaintiff.
The testimony of Plaintiff-Appellee, his wife, guests and neighbors would have us believe that Porche discarded the beer can into an adjacent lot prior to his confrontation with Edmond Fernandez, Jr.
The testimony of the Fernandez brothers and their wives conflicts with that of Plaintiff and his witnesses. Defendants and their witnesses would have us believe that immediately prior to the altercation, Plaintiff threw a beer can, hitting Edmond Fernandez, Jr. in the back.
The trial Judge reached the following conclusion:
"There is a conflict in the testimony regarding whether or not Plaintiff threw a beer can which hit Edmond Fernandez, Jr., and thereby provoked a fight.... The Court is of the opinion that were the beer can thrown as described by Defendant, it would not be sufficient provocation for the severe beating administered Plaintiff by Defendant. Defendant (Plaintiff) is a slightly built man as compared to Edmond Fernandez, Jr. who is a much larger individual."
Defendant-Appellant, Edmond Fernandez, Jr. contends that the decision evidences manifest error in light of Louisiana's "aggressive doctrine". Simply stated, the doctrine holds that an aggressor in a fray cannot recover for damages occasioned by his fault. The source of the doctrine in Louisiana is apparently the famous statement of Alfenuson on the Lex Aquilia: "Culpam enim penes eum qui prior flagello percussit residere" (because the fault remained with the party who first struck him with the whip). Defendant-Appellant argues that Plaintiff has failed to prove his case because he has not met his burden of proving that he was not the aggressor.
To support this argument, Defendant-Appellant mainly relies upon the case of Smith v. Clemmons, 48 So.2d 813 (La.App. 1st Cir., 1950), and Landry v. Himel, 176 So. 627 (La.App.1st Cir., 1937), which stands for the following proposition of Law:
"Where a Plaintiff provokes a difficulty by insults, abuse, threats, or other conduct calculated to arouse resentment or fear on the part of the defendant, the plaintiff cannot recover for an assault and battery, although the defendant may not have been justified in law in his conduct."
The jurisprudence of this State is to the effect that an aggressor is precluded from recovering damages which he incurs as the result of his own actions in provoking an altercation. However, it has also been recognized that the aggressor may recover if the person attacked has used excessive force in defending himself. Flores v. Black, 260 So.2d 144 (La.App.2nd Cir., 1972).
The established rule of Law is that a party who resorts to excessive violence and *420 unnecessary force in repelling an assault, although initially acting in self-defense, becomes liable as an aggressor and is subject to an action for damages for assault and battery. Gallagher v. Taylor, 203 So.2d 773 (La.App.2nd Cir., 1967).
In Rivers v. Brown, 168 So.2d 400 (La. App.3rd Cir., 1964), the Court affirmed and followed a position announced in Louisiana earlier to the effect that the Defendant may lose the benefit of the aggressor doctrine if he uses "excessive force". The opinion states that excessive force is force "beyond what is reasonably required under the circumstances of the case".
Article 2315 of the Louisiana Civil Code, which forms the basis of Plaintiff's complaint, provides that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it". This means that if Porche is to recover in this action, he must prove:
(a) That there was an act.
(b) That the act was done by Edmond Fernandez, Jr.
(c) That this act by Fernandez caused Porche's damages (injuries).
(d) That the damage (injuries) was occasioned by Fernandez' fault.
Applying this test to the instant suit, we find: that there was an act; that the act was done by Edmond Fernandez, Jr.; that this act caused the damage or injuries of which Plaintiff complains. The crucial question is, therefore, whether this damage was occasioned by the fault of Edmond Fernandez, Jr. For the Plaintiff to recover in this action for assault and battery, he must establish fault by proving that the Defendant-Appellant was the aggressor, or, if not the aggressor, that Edmond Fernandez, Jr. used excessive force under the circumstances. We are of the opinion that Plaintiff proved this element of "fault" by a preponderance of the evidence.
Either version of the facts regarding the tossing of the beer can is as plausible as the other and neither version is supported by uncontradicted testimony. If Plaintiff's version were accepted as true, he would be entitled to recover because Edmond Fernandez, Jr., would then be deemed the "aggressor" since he struck the first blow without justification. If Defendant's version is accepted as true, Porche is still entitled to recover because Edmond Fernandez, Jr. used "excessive force" under the circumstances of this case.
Plaintiff is entitled to recover under either version of the testimony because under either version the Defendant-Appellant, Edmond Fernandez, Jr., is legally at fault within the meaning of Article 2315 of the Louisiana Civil Code.
The judgment of the District Court is affirmed at Appellant's cost.
Affirmed.