309 So.2d 744 (1975)
Justin Smith WHITE, III
v.
Harold H. GILL and Michael Hardy Gill.
No. 6686.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
*745 Maurice R. Franks, New Orleans, for plaintiff-appellant.
Frank B. Fenerty, New Orleans, for defendant-appellee.
Before GULOTTA, STOULIG and BOUTALL, JJ.
GULOTTA, Judge.
Plaintiff was injured as a result of a fight with defendant on the early morning of February 5, 1971, following an argument in a bar resulting allegedly from plaintiff's misconduct while dancing with defendant's female companion. The altercation was the second between the same parties at the same place on the same morning.
The trial judge dismissed plaintiff's suit and in reasons for judgment stated:
"From the testimony heard and witnesses observed, this Court finds as a fact:
(1) Both plaintiff and defendant were drinking.
(2) Both plaintiff and defendant voluntarily went outside the bar.
(3) Plaintiff was contributing towards his damage when he left the barroom and went outside with defendant.
(4) The Court finds the plaintiff contributorily negligent, and having so found, dismisses his suit at his cost."
Plaintiff appeals. We affirm.
Among other things, plaintiff claims that defendant was given no provocation for the assault and that neither contributory negligence nor assumption of the risk is a *746 defense to an intentional assault and battery. Plaintiff further contends because of his intoxicated condition he was incapable of giving his consent to a fight and that the excessive force used by defendant in striking plaintiff vitiated his consent, if indeed, plaintiff were capable of giving that consent.
Defendant, on the other hand, contends plaintiff's actions immediately prior to the striking provoked defendant's action since defendant was placed in fear of receiving bodily harm from the plaintiff. Defendant further claims plaintiff's participation was voluntary and willing and contributed to his injury.
At the outset we do not place the same import as does plaintiff on the trial court's statement that plaintiff was "contributorily negligent". Although contributory negligence is a defense to negligence and not to an intentional tort,[1] nevertheless, the trial judge in his reasons for judgment readily explained that the willingness and consent to engage in a fight contributed to his injury thereby barring his recovery. We cannot say the trial judge erroneously applied a contributory negligence concept to an intentional tort situation in dismissing plaintiff's claim.
The facts in the instant case are similar to those in Buchert v. Metropolitan Life Insurance Company, 219 So.2d 584 (La.App. 4th Cir. 1969) and Muller v. Zimmer, 155 So.2d 470 (La.App. 4th Cir. 1963). In Buchert, plaintiff was denied recovery after an initial office visit by a coworker in which he and the coworker had harsh words. Plaintiff was apparently willing to fight when the coworker returned to his office later that afternoon. In Muller, recovery was denied because both plaintiff and defendant were determined by the court to be the aggressors. The court was impressed by the fact that plaintiff had returned to the premises after the initial altercation and stated that plaintiff did not avail himself of the opportunity of retiring from the affray. In the instant case plaintiff sustained injuries in the second fight with defendant. On the same morning shortly prior to the incident complained of, White had been involved in an altercation with the defendant outside the bar and had been struck. The fact that White went outside a second time indicated his apparent willingness and consent to fight.
We find further no validity in plaintiff's contention that his consent was vitiated by his intoxication although the record is clear that both plaintiff and defendant had been drinking heavily on this occasion. Both were clearly aware of what was happening around them. Although a dispute exists concerning the details of the altercation, plaintiff had a vivid recollection of the fight and the incidents leading to his injury. Furthermore, White testified that after the fight he managed without assistance to go, by public transportation, to the New Orleans Public Health Hospital for treatment. Under the circumstances we cannot say that White's intoxication was to such an extent that his consent was vitiated.
Finally, we reject plaintiff's contention that if indeed he was capable of giving his consent that the excessive force used by defendant in striking plaintiff with the cast on his (defendant's) right hand vitiated plaintiff's consent. Defendant's hand had been in a cast during the initial altercation, and plaintiff well knew that defendant's hand was in a cast when he went outside with the defendant on the second occasion. The instant case is not analogous to one in which plaintiff is injured after the altercation has started where the offending party suddenly reveals a concealed weapon or picks up a dangerous object. Accordingly, we fail to find error in the dismissal of plaintiff's suit. The judgment is affirmed.
Affirmed.
NOTES
[1] William L. Prosser, Prosser on Torts, 426 (4th ed. 1971).