335 So.2d 51 (1976)
Jimmie Lee BERNSTINE, Plaintiff-Appellant,
v.
CITY OF NATCHITOCHES et al., Defendants-Appellees.
No. 5534.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
*52 Kelly, Seaman & Ware by Charles Seaman, Natchitoches, for plaintiff-appellant.
Gist, Methvin & Trimble by James T. Trimble, Jr., Alexandria, Watson, Murchison, Crews & Arthur by William P. Crews, Natchitoches, for defendants-appellees.
Before CULPEPPER, GUIDRY and BERTRAND, JJ.
GUIDRY, Judge.
In this suit plaintiff seeks to recover general and special damages allegedly sustained by him as a result of his having been shot by Sgt. Glenn Dowden, a police officer with the City of Natchitoches Police Department, on the night of June 28, 1974.
The trial judge denied plaintiff's demand in general damages against the police officer and his employer. The Court did, however, hold that plaintiff was entitled to recover the sum of $455.00, which represents the bill of Confederate Memorial Hospital in Shreveport, Louisiana, for services rendered by that institution to the plaintiff following the incident of June 28, 1974. In granting plaintiff this latter relief the trial court reasoned that a municipality has a statutory responsibility to furnish needed medical services to persons under arrest and in custody.
Plaintiff has appealed. The City of Natchitoches has answered the appeal seeking reversal of the trial court judgment insofar as it awards plaintiff the amount of $455.00 and insofar as it casts the City for all costs in the trial court. In all other respects the defendant City prays that the lower court judgment be affirmed. Glenn Dowden has neither appealed nor answered the appeal of plaintiff.
We have no hesitancy in affirming the trial court's finding that under the circumstances of this case plaintiff is not entitled to recover any general damages for the injuries sustained by him in his altercation with Officer Dowden.
In his written reasons for judgment the learned trial judge set forth his findings of fact as follows:
"During the night of June 28, 1974, City Policeman Glen Dowden, in uniform and on duty, was patrolling in a police car on East Third Street. He saw a man *53 and a woman struggling together on the street. As he reached the couple, the officer heard loud voices and the parties were using profane language. Officer Dowden drove his car slightly pass (sic) the couple and backed up to where the struggling man and woman were standing. At this moment, the woman ran from the scene. Officer Dowden stopped his car and as he got out spoke to the man and told him he was under arrest. The man, who was later identified as the plaintiff, Jimmie Lee Bernstine, told the officer he would not submit to the arrest. Officer Dowden repeated to plaintiff that he was under arrest and when the plaintiff further argued and refused to follow directions of the officer, the officer sort (sic) to place handcuffs on plaintiff. Plaintiff resisted, struck Officer Dowden in the face with his fist and following this up with the (sic) hitting Officer Dowden on the left side of his head with a 16 ounce beer can filled with beer. The blow knocked the officer to the ground. The officer, while in a semi-prone position, pulled his gun. The first blow plaintiff struck the officer had broken and knocked off the glasses of Officer Dowden. The evidence shows the officer has very limited vision without the aid of his glasses.
Officer Dowden saw what he thought was plaintiff leaning over him to again strike him. The officer stated that he only shot his weapon to frighten away from him the attacking plaintiff. The gun was pointed upward and the shot struck the inner and upper portion of plaintiff's right arm."
Our independant examination of the record discloses ample evidence which upon its considered evaluation as to credibility furnished a reasonable basis for the factual conclusions reached by the trial court.
In the instant case Sgt. Dowden sought to arrest plaintiff for a criminal offense committed in his presence. Plaintiff, instead of peacefully submitting to this lawful arrest, attacked the arresting officer striking him first with his fist and then with a 16 ounce can filled with beer. The second blow was so severe that the officer was knocked to the ground in a dazed condition. Plaintiff continued his attack. The officer then drew his pistol and plaintiff was unintentionally shot in the arm when the officer pointed his weapon upward and fired a warning shot in order to frighten plaintiff.
In Greening v. Hill et al., 221 So.2d 261, 263, writ refused 1969 (La.App. 2nd Cir. 1969), which concerned a factual situation closely akin to that of the instant case, Judge (now Justice) Dixon stated as follows:
"Defendant's attempt to arrest the plaintiff was lawful. The plaintiff was engaged in the commission of a crime (drunk driving) in the presence of the defendant. Plaintiff's refusal to submit to a lawful arrest was the provocation upon which the defendant drew his revolver. To protect himself from violence, and to enforce the arrest, the defendant had the right to use his weapon.
However, the plaintiff suffered injury, not from an intentional shot, but from the accidental discharge of defendant's weapon. The gun could hardly have been discharged unless defendant, in the heat of action, and as a nervous impulse, unwittingly squeezed the trigger. The question then becomes whether the plaintiff, who provoked the altercation which resulted in his injury, can recover when the police officer's weapon accidentally discharged as the policeman was in the process of making a lawful arrest.
To ask the question is to answer it. A plaintiff cannot recover civil damages if he is at fault in provoking the difficulty in which the injury is received. Robertson v. Palmer, 74 So.2d 408 (La.App. 1954); Britt v. Merritt, 45 So.2d 902 (La.App.1950).

*54 The altercation that resulted in plaintiff's injury was of his own making. He had created a hazardous situation, endangering the lives of those on the highway. His drunken condition and antagonistic reaction to the lawful arrest justified the defendant's attempt to use his pistol to complete the arrest and to protect his person. Up to the time when the gun fired, every action of the plaintiff had been illegal, dangerous, and provocative; every action of the defendant had been consistent with the requirements of the law in the execution of his duty. A gun is a dangerous instrumentality and is subject to accidental discharge. Plaintiff himself created the situation that made it necessary for the defendant to resort to his weapon. The accident was regrettable, but foreseeable by the plaintiff under the circumstances, and one for which he cannot recover."
Even were we to find that Sgt. Dowden intentionally shot plaintiff, as suggested by plaintiff, we would, under the circumstances of this case, deny recovery. It is well settled that one cannot recover damages for a battery if the evidence establishes that he was at fault in provoking the difficulty in which the injury complained of was received unless it be proved that the person attacked has used excessive force in defending himself. Tripoli v. Gurry, 218 So.2d 563, 253 La. 473, 218 So. 2d 563 (1969); Hemsley v. Sims, 325 So.2d 877 (La.App. 2nd Cir. 1976); Porche v. Fernandez, 286 So.2d 418 (La.App. 4th Cir. 1973); Flores v. Black, 260 So.2d 144 (La.App. 2nd Cir. 1972).
The record in this case clearly supports the conclusion that plaintiff was the aggressor; that Sgt. Dowden reasonably believed he was in danger of substantial bodily harm; and, that the force which he used to repel plaintiff's attack was not unreasonably excessive.
From the facts as found by the trial court, in which findings we concur, it clearly appears that Sgt. Dowden acted reasonably under the circumstances and that plaintiff's injuries resulted when he violently attacked the arresting officer in an attempt to avoid his lawful arrest. Under these circumstances plaintiff cannot recover civil damages for his injuries.
We next consider the correctness of the trial court's award to plaintiff of the sum of $455.00, being the amount of the bill of Confederate Memorial Hospital for services rendered to plaintiff following the incident of June 28, 1974, and the court's assessment of all costs to the defendant, City of Natchitoches. In making the above award to plaintiff the trial court, citing LSA-R.S. 15:703 and West v. City of Ville Platte, 237 So.2d 730 (La.App. 3rd Cir. 1970), reasoned that a municipality has a statutory responsibility to furnish needed medical services to persons under arrest and in the City's custody.
We do not reach the issue as to whether under the circumstances of this case the City of Natchitoches is responsible for the medical costs incurred by plaintiff at the Confederate Memorial Hospital for we determine, absent proof in the record that plaintiff paid for the medical services rendered to him, that this matter should be remanded to the trial court in order that Confederate Memorial Hospital may intervene, if it elects to do so, and assert a claim for the medical services rendered to plaintiff.
LSA-R.S. 46:8 grants to all charity hospitals in the State a right of subrogation to a patient's claim against an alleged tortfeasor to the extent of reasonable charges for services rendered to the patient. LSA-R.S. 46:9 requires any person who has received treatment for injuries in any charity hospital and who files suit for the recovery of damages to cause a copy of the petition to be served on the hospital from which he received treatment and prohibits the courts of this state from proceeding with the trial of such suit until a copy of *55 the petition has been served as required. LSA-R.S. 46:11.1 permits a charity hospital to intervene in a personal injury or workmen's compensation suit at any time prior to judgment in order to recover costs of hospitalization and medical services. As stated in Times v. Wickman et al., 261 So. 2d 113, 117 (La.App. 4th Cir. 1972):
"The purpose of the statute is to insure payment to Charity Hospital rather than to benefit either the patient or the tort feasor."
Since Confederate Memorial Hospital was not served with plaintiff's petition as required by LSA-R.S. 46:9 we conclude that this matter should be remanded to the district court insofar as the medical bill of $455.00 is concerned in order that the hospital be served with a copy of the petition to the end that the latter may intervene and assert such rights as it may have under the provisions of the cited statutes. We are not unmindful of the several cases holding to the effect that a person who has received treatment from a Charity Hospital may sue for those expenses and recover judgment despite the prohibition of LSA-R.S. 46:9, Jordan v. Travelers Insurance Company, 231 So.2d 678 (La.App. 1st Cir. 1970); Ledbetter v. Hammond Milk Corporation, 126 So.2d 658 (La.App. 1st Cir. 1961); and, Leonard v. Travelers Insurance Company, 183 So.2d 447 (La.App. 2nd Cir. 1966). We conclude, however, as did our brethren of the 4th Circuit in Times v. Wickman, supra, and Foxworth v. State Farm Mutual Automobile Insurance Company et al., 308 So.2d 348 (La.App. 4th Cir. 1975) that the statute should not be ignored but should be given effect.
As aforestated the defendant City has answered this appeal urging error on the part of the trial court in assessing it with all costs.
The trial court has wide discretion in the assessment of costs and may assess costs, or any part thereof, against any party, as it may consider equitable. LSA-C.C.P. Art. 1920, Ogaard v. Wiley, 325 So.2d 642 (La.App. 3rd Cir. 1975). We are most reluctant to overturn the trial court's conclusion in regard to the assessment of costs. In this case, however, the trial court granted plaintiff part of the relief which he sought and cast the defendant City for all costs. Plaintiff's partial success may have prompted the trial court's determination in regard to the assessment of costs. It may be, depending upon the outcome of this matter on remand, that the trial court would want to reconsider the matter of costs. For this reason we will set aside that portion of the judgment which casts the defendant. City of Natchitoches, for all costs and order that the assessment of costs await the final determination of this matter on remand.
For the above and foregoing reasons the judgment of the trial court insofar as it awards plaintiff judgment against the City of Natchitoches in the amount of $455.00 with legal interest from date of judicial demand and all costs is reversed, in all other respects the judgment appealed from is affirmed. Further, this matter is remanded to the district court for the purpose of requiring service of a copy of plaintiff's petition upon Confederate Memorial Hospital of Shreveport, Louisiana, and for further proceedings consistent with the views herein expressed. The costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.