CUTRER, Judge.
Plaintiff, Anna Mae Duhon, brings this action for the wrongful death of her husband, Valliet Duhon. This suit arises out of an incident in which Duhon was struck with a flashlight by Trooper Kenneth Delcam-bre, an officer of the Louisiana State Police. Plaintiff sued Kenneth Delcambre, the Department of Public Safety, Division of State Police, State of Louisiana, and Appalachian Insurance Company, the insurer of the Department. The trial court rendered judgment in favor of plaintiff. Defendants appeal. We reverse.
In its written reasons for judgment the trial court set out the circumstances surrounding this incident:
“On the 19th day of September 1975, the deceased was stopped by Sergeant Delcambre for operating his motor vehicle while intoxicated. The testimony of Sergeant Delcambre was to the effect that he met the vehicle being driven by the deceased while on his regular patrol and noticed that the deceased was going from one side of the highway to the other whereupon the officer turned his vehicle around and gave chase to the vehicle being driven by the deceased and upon overtaking him he had to force him to the shoulder of the road in order to stop the vehicle. Sergeant Delcambre parked his patrol unit partially in front of the decedent with the decedent’s vehicle on the right travel lane, the sergeant then approaching the decedent’s vehicle and ordering him to get out of his vehicle. Sergeant Delcambre testified that the decedent was staggering and had to lean against the automobile for support. Upon being asked for his driver’s license the decedent was dropping his wallet and papers therein in an attempt to find his license. Sergeant Delcambre testified that he did not handcuff Mr. Valliet Du-hon, the decedent, because he wanted to clear the vehicle from the highway in order to clear the traffic hazard. The trooper then told the deceased that he wanted to move his car onto the shoulder and the decedent is then said to have informed the officer that, ‘You won’t move my damn car.’ In an effort to move the vehicle, Sergeant Delcambre attempted to get into the car at which time he testified that Mr. Duhon struck him behind the neck on the right side which dazed him momentarily and he fell against the door of the Duhon vehicle. Sergeant Delcambre testified that he reached up at which time the deceased bit the left middle finger of Sergeant Del-cambre. The officer was carrying in his hand a 5 cell flashlight which he swung up and hit the deceased on the left side of his head, at which time the deceased released the officer’s finger. Sergeant Del-cambre then attempted to cuff Mr. Du-hon, who refused to give him his hands and the Sergeant testified that he then had to tap with both hands on the shoulders of Mr. Duhon in order to get his hands open to be placed into the cuff.”
Duhon was taken to the parish jail. He was released the following day. He consulted Dr. William Bernard on September 23rd. Dr. Bernard hospitalized Duhon for *518 headaches and chronic alcoholism. X-rays revealed a linear skull fracture on the left side of the head. Duhon was discharged and returned home September 27th. He died five days later. The three physicians who testified were in agreement that Du-hon died from hemorrhage. They each felt, however, that a trauma of more recent origin than the September 19th incident contributed to the death. The trial court found, however, that the blow of September 19th caused the death as the evidence did not support the occurrence of a second trauma.
The first assignment of error is whether the trial court erred in its finding that Trooper Delcambre had used excessive force in effecting the arrest of Duhon.
The trial court found that the force used was excessive, stating as follows:
“The flashlight used by the officer in striking Mr. Duhon was introduced into evidence and examined by this Court and the Court found it to be a rather heavy object and when used as a weapon could inflict serious injury upon the person being struck therewith, which in fact did occur in this particular instance. The force used and the weapon with which it was applied was certainly excessive in that it caused a fracture of the skull and hemorrhaging within the skull cap and brain area of the decedent. The officer here was dealing with an individual who according to the officer’s own testimony was staggering drunk and while certainly the officer may have felt justified at the time in using such force yet the attack by Mr. Duhon was not of such a nature as to require the use of such force.”
The trial court concluded that the force was excessive on the basis first, that the blow was severe causing a fracture of the skull and resulting hemorrhage, and secondly, on the ground that the deceased was highly intoxicated.
We disagree with the trial court and reverse.
“. . . While the nature of the injury has relevance to the factual question of the amount of force exerted, it is not determinative of the question of whether under the circumstances the force used was reasonable or excessive and, therefore, tortious. . . . ” Picou v. Terrebonne Parish Sheriffs Office, 343 So.2d 306 (La.App.1st Cir. 1977).[1]
The degree of intoxication may also have relevancy if such renders the person incapable of being effective in an attempted battery upon an officer. The facts here, however, reflect that the deceased was most effective in his aggressive, provocative acts on the night in question.
Delcambre was in the process of making a lawful arrest. In doing so he is authorized by law to use reasonable force to accomplish same.
LSA-C.Cr.P. art. 220 provides as follows:
“A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the «person being arrested or detained.”
In making an arrest, a police officer is justified in using a weapon in order to protect himself from violence and to enforce an arrest. Loyden v. J. C. Penney Company, 352 So.2d 755 (La.App.3rd Cir. 1977); Greening v. Hill, 221 So.2d 261 (La. *519 App.2nd Cir. 1969), writ refused June 5, 1969.
“. . . It is well settled that one cannot recover damages for a battery if the evidence establishes that he was at fault in provoking the difficulty in which the injury complained of was received unless it be proved that the person attacked has used excessive force in defending himself.” Bernstine v. City of Natchitoches, 335 So.2d 51, 54 (La.App.3rd Cir. 1976).
With these well established principles in mind we examine the circumstances at hand to determine their applicability.
The incident that resulted in the injury and alleged resulting death of Duhon was of his own making. Duhon had created a dangerous condition by driving while intoxicated and by parking his vehicle on the traveled portion of the highway when stopped by the trooper. His drunken condition, antagonistic attitude and commission of a battery upon the officer justified the officer’s use of the flashlight to complete the arrest and protect his person.[2] Up to the time when the officer struck Duhon with the flashlight, the actions of Duhon had been illegal, dangerous and provocative. The actions of the officer were consistent with the requirements of the law in the execution of his duty. Duhon created the situation that made it necessary for the officer to resort to the use of the flashlight. The alleged result of the incident is regrettable, but the principle enunciated in the case of Crawford v. Maryland, 169 So.2d 612 (La.App.2nd Cir. 1964) is applicable.
“. . . The risks which are necessarily faced by peace officers in the discharge of their duties cannot be over-emphasized. An incident of the nature which is here under consideration is of such instantaneous development and immediate menace that it does not afford time for reflection and consideration as to the nature or degree of necessary force which an officer might use in protection of his own life and safety.”
The plaintiff further argues that Delcambre violated police procedures in that he did not handcuff Mr. Duhon immediately upon arrest. Plaintiff alleges that such was the cause of the subsequent violence. Trooper Delcambre testified that he did not immediately handcuff Mr. Duhon upon arresting him because his primary concern was to clear the road of the hazard created by Mr. Duhon’s vehicle resting in the southbound lane. We find this to be a reasonable action and the officer cannot be faulted for following the procedure used. Our reading of the police manual indicates that it is within the discretion of the arresting officer as to when he is to handcuff his prisoner.
The record in this case clearly supports the conclusion that Duhon was the aggressor; that Duhon was in the act of committing a battery upon the officer; and that the force which the officer used, faced with the bodily harm being inflicted upon him by Duhon, was not unreasonably excessive. Duhon’s injuries resulted when he attacked the officer in an attempt to avoid a lawful arrest.
A review of the circumstances surrounding this incident and the law applicable thereto leads us to the conclusion that the trial court was in error in the application of the law in its ruling that the force used by the officer was excessive. Under these circumstances the plaintiff, as surviving spouse, cannot recover damages.
The conclusion we have reached herein renders it unnecessary to treat the remaining assignments of error pertaining to causal connection between the injury and the death (we note that the testimony of the three physicians presented a serious question as to the issue of causal connection), and quantum of damages.
For the above reasons, the judgment of the trial court is reversed. Costs of this appeal are assessed to the plaintiff-appellee.
REVERSED.

. Other cases where severe injuries resulted but were not excessive under the circumstances presented:
Crawford v. Maryland Casualty Company, 169 So.2d 612 (La.App.2nd Cir. 1964). Plaintiff, being arrested for D.W.I., became argumentative and belligerent but did not hit officer. Officer hit plaintiff with night stick on side of head causing serious permanent injury.
Roberts v, American Employers Insurance Company, Boston, Mass., 221 So.2d 550 (La. App.3rd Cir. 1969). Officer in process of arresting plaintiff for disturbing the peace. He grabbed officer in a belligerent manner, cursing him. The officer stepped back and shot plaintiff in the jaw causing some permanent injuries.
Logan v. Swift, 327 So.2d 168 (La.App.2nd Cir. 1976). A 26-year old woman being placed under arrest hit policeman with his night stick. He struck her twice with his pistol causing serious back injury (3 disc injuries).

. There was little disparity in the size of the two men. Deceased — well nourished individual who was 6 feet tall. Officer — 6 feet IV2 inches tall; weight 220 pounds.