SCHOTT, Judge.
This is a wrongful death action by the widow of McArthur Jones against Richard Scott, a police officer and his employer, The City of New Orleans. The ease was tried before a commissioner of the civil district court and pursuant to his recommendation the trial judge dismissed plaintiff’s suit. The issue is whether the record supports the findings of the commissioner and the trial court that Scott’s shooting Jones was reasonable and justified under the circumstances.
On June 25,1975, at about 3:30 p.m. Scott who was off duty and in civilian clothes, left his home in New Orleans on his motorcycle accompanied by his wife. He was bound for police headquarters where he intended to file a report. His route took him along North Broad Street past Boyce Honda, a motorcycle sales and service outlet, where he stopped in order to purchase some motor oil for his vehicle. He got off the motorcycle leaving his wife in the passenger’s seat and the keys in the ignition and went inside the building. Jones, who had parked his automobile on the opposite side of Broad Street from Boyce Honda, came on the scene and began staring at Mrs. Scott. Becoming intimidated she got off the motorcycle and went inside the *6 building to get her husband. When they came out of the building they found Jones seated on the motorcycle starting the engine. Scott ran to the vehicle and grabbed the bar behind the seats. Jones started forward on the motorcycle dragging Scott behind him when Scott pushed the motorcycle over causing Jones and himself to fall to the ground. A confrontation followed. Scott drew his revolver from under his shirt and shot Jones who crossed the west lanes of Broad Street and the neutral ground, then collapsed on the east side of the neutral ground on Broad Street.
Scott testified that he identified himself to Jones as a police officer as he ran toward the motorcycle and grabbed the vehicle; but after the motorcycle was thrown down Jones turned toward him and pulled a shiny object from his waistband. He advanced on Scott who continued to warn Jones that he was a police officer and that Jones was under arrest. He testified:
“It was in my appreciation that he was attacking me. His motion to his waist, the movement back of the head, whatever he had in his hand and his launching or lunging at me caused me to believe, I was under attack I thought and imminent danger.”
Scott also testified that just as Jones came toward him his wife screamed to watch out, that Jones was going to kill him.
Mrs. Scott testified that she was just a few feet away from her husband and Jones, that she thought he was going to attack her husband and she screamed to be careful because Jones was going to kill him.
Their testimony was corroborated by that of a customer who was inside of Boyce’s building at the time.
The only conflicting testimony was that of Roy Rogers, a deputy sheriff, who was passing in his automobile on the opposite side of Broad Street from Boyce Honda when the incident occurred. He stated that he heard a woman scream and saw a man (Scott) chasing another man (Jones) in the neutral ground when Jones turned around and ran back toward Scott, whereupon Scott shot Jones. However, his testimony contradicted a statement he had made to the police immediately after the incident in which he stated that he heard the woman scream and the gun shot followed by Jones’ crossing over to the neutral ground with Scott going after him.
The evidence supports the conclusions of the commissioner and the trial court that Scott was in the process of apprehending Jones for the commission of a felony, he identified himself as a police officer and attempted to place Jones under arrest, Jones took action which caused Scott to believe that he was being attacked, and Scott’s actions were reasonable and justified under the circumstances. Applicable is LSA-C.Cr.P. Art. 220 which provides as follows:
“A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.”
In making an arrest a police officer is justified in using a weapon to protect himself from violence and to enforce an arrest, and one cannot recover damages for a battery if the evidence establishes that he was at fault in provoking the difficulty in which the injury complained of was received unless it be proved that the person attacked has used excessive force in defending himself. Duhon v. Delcambre, 365 So.2d 516 (La.App. 3rd Cir.1978) writs denied 368 So.2d 136 (1979), Picou v. Terrebonne Parish Sheriff’s Office, 343 So.2d 306 (La.App. 1st Cir.1977) writs denied 345 So.2d 506 (1977). Considering the facts of this case as found by the trial court and as supported by the record, these legal principles support the trial court’s dismissal of plaintiff’s case.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.