BYRNES, Judge.
This appeal arises out of an altercation between Alberto Vasquez, Jesus Pacha, and a security guard at a Schwegmann Brothers Super Market. Mr. Pacha’s claims do not form part of this appeal and our discussion will therefore be limited to Mr. Vasquez’s conduct.
Pacha and Vasquez went to a Schweg-mann’s Supermarket to exchange a money order which had been damaged in the mail. When the manager refused, an argument ensued. A security guard testified that he observed Vasquez throw a punch at the manager and that he attempted to restore order. When he approached the scene, Vasquez allegedly threw him against a display case, breaking the glass. The guard thereupon hit Vasquez with a slap stick. Another security guard who observed the incident, confirmed these facts, as did the store manager. Vasquez and Pacha were handcuffed and arrested for battery on the store manager and the guard and damage to property. These municipal charges were later dismissed.
Vasquez and Pacha then filed this suit against Schwegmann’s based on allegations of intentional tort, (assault and battery) false imprisonment, and false arrest. Schwegmann’s answer alleged contributory negligence and in our opinion encompassed the defense of provocation.
To establish this defense, it must be shown that some conduct or action by the plaintiff was sufficient to move the defendant to physical retaliation, Knuckles v. Beaugh, 392 So.2d 710 (La.App.-Cir.1980). The aggressor in an altercation is not entitled to recover unless the other party uses unreasonable force to repel him. Murray v. Dominick, 236 So.2d 626 (La.App.1970), Porche v. Fernandez, 286 So.2d 418 (La.App.1973).
Where the plaintiff strikes or attempts to strike the first blow without provocation he is generally barred from civil recovery. Hall v. White, 145 So.2d 784 (La.App.1962), Allison v. Ivy, 85 So.2d 332 (La.App.1956).
The record in this case indicates that Mr. Vasquez was the aggressor. Both security guards and the store manager testified that Vasquez made the first move by attempting to strike the manager and then throwing the security guard against a display case. The factual findings of the trial judge clearly show that Vasquez was the aggressor. There is no indication that the force used by the guard in repelling this attack was excessive. We therefore affirm the judgment below at appellant’s cost.
AFFIRMED.