DIXON, Judge.
This is a damage suit that arose out of an injury suffered from a gunshot wound.
After triál there was judgment for which written reasons were given by the trial judge, rejecting the demands of the plaintiff, from which the plaintiff appeals.
Before noon on October 28, 1963 the defendant, a state trooper on duty, was driving on Louisiana highway No. 175, after having been notified that a drunk driver had run some vehicles off the road. The defendant met the plaintiff’s automobile weaving across the road, passed the automobile, turned around, and gave chase. A short distance from the point where the vehicles passed each other, plaintiff’s car turned off the highway and into a yard. Defendant drove up behind plaintiff and got out of his car and walked toward the house. The plaintiff got out of his car and walked toward the house when the defendant told him that he was under arrest. The plaintiff replied, “I’ll be God-damned if that’s so.” The defendant trooper took the plaintiff by the arm. The plaintiff then broke away and grabbed the trooper, who shoved the plaintiff back. Plaintiff then stepped backward, raising his hands, giving the impression to the trooper that he was continuing the fray. The defendant stepped backward and drew his revolver, intending to use it as a club if necessary. As the revolver left the holster, it discharged. The defendant testified that he did not intend to discharge the gun. Asked to explain why the revolver discharged, defendant trooper stated, “I can’t, unless it was just nervousness and I got on it too hard; I just snatched it out too hard is all I know.” The revolver was of the double action type and did not, to the defendant’s knowledge, have the hammer back in a cocked position.
The shot struck the plaintiff in the region of the thighs; the major injury was to his genito-urinary system. The bullet entered one thigh, traversed the scrotum, passed through the penis, and disrupted the urethra. In the course of subsequent surgery and treatment, plaintiff lost one testicle. After a painful convalescence of some duration, plaintiff, aged 49 at the time of trial, recovered, except that there remained some difficulty in urinating, and as he put it, “I just haven’t got the passion that I had.”
Plaintiff had been previously convicted of drunk driving and drunkenness. The evidence in the record is conclusive that plaintiff was very drunk on the occasion when he was shot. The record reflects that his reputation in the community for sobriety was bad, and that he was violent when drunk. He was known to the defendant. There had been no previous difficulty between plaintiff and defendant, but they had become acquainted years before on the occasion of an automobile accident investigated by the defendant. Plaintiff’s bad reputation was known to defendant.
The site of the accident was a home in the country; plaintiff had a brother drunk on the front seat of his automobile and another brother nearby, doing some work *263 with an occupant of the dwelling. Defendant was alone.
Defendant’s attempt to arrest the plaintiff was lawful. The plaintiff was engaged in the commission of a crime (drunk driving) in the presence of the defendant. Plaintiff’s refusal to submit to a lawful arrest was the provocation upon which the defendant drew his revolver. To protect himself from violence, and to enforce the arrest, the defendant had the right to use his weapon.
However, the plaintiff suffered injury, not from an intentional shot, but from the accidental discharge of defendant’s weapon. The gun could hardly have been discharged unless defendant, in the heat of action, and as a nervous impulse, unwittingly squeezed the trigger. The question then becomes whether the plaintiff, who provoked the altercation which resulted in his injury, can recover when the police officer’s weapon accidentally discharged as the policeman was in the process of making a lawful arrest.
To ask the question is to answer it. A plaintiff cannot recover civil damages if he is at fault in provoking the difficulty in which the injury is received. Robertson v. Palmer, 74 So.2d 408 (La.App.1954); Britt v. Merritt, 45 So.2d 902 (La.App.1950).
The altercation that resulted in plaintiff’s injury was of his own making. He had created a hazardous situation, endangering the lives of those on the highway. His drunken condition and antagonistic reaction to the lawful arrest justified the defendant’s attempt to use his pistol to complete the arrest and to protect his person. Up to the time when the gun fired, every action of the plaintiff had been illegal, dangerous, and provocative; every action of the defendant had been consistent with the requirements of the law in the execution of his duty. A gun is a dangerous instrumentality and is subject to accidental discharge. Plaintiff himself created the situation that made it necessary for the defendant to resort to his weapon. The accident was regrettable, but foreseeable by the plaintiff under the circumstances, and one for which he cannot recover.
In addition, if the “sudden emergency” doctrine ever should apply to excuse one from negligent action, this would be an appropriate case for its application. Words on a printed page cannot reproduce the intense anxiety, the excitement, and the necessity for quick judgment and immediate action that is present when a police officer is required to chase and arrest one who commits a crime as dangerous to the public safety as the one involved in this case. Such conditions cannot reasonably be expected to result in decisions, the product of calm deliberation, and actions, the product of accurate reflexes and perfect physical coordination.
The judgment of the district court is affirmed, at the cost of plaintiff-appellant.