GULOTTA, Judge.
This is an appeal by defendants, Louis A. Heyd, Jr., Criminal Sheriff of the Parish of Orleans, and Willis Etienne, Deputy Sheriff, from a judgment in favor of plaintiff, a prison inmate in the Orleans Parish Prison, for injuries sustained as a result of having been struck by Deputy Etienne while employed at the prison. The suit was initially directed against the sheriff, the warden of the parish prison and the deputy sheriff who struck plaintiff. Suit was dismissed against the warden; however, the sheriff and deputy were cast in judgment in the sum of $6,000.00.
The basis of plaintiff’s complaint is that he suffered a broken jaw as a result of having been punched in the face by the deputy, Willis Etienne, without provocation or justification. Plaintiff further claims that he was denied medical attention for a period of approximately three days following the incident.
On appeal, defendants contend that plaintiff failed to carry the burden of proof required since plaintiff’s testimony was contradicted by that of defendant Etienne, and neither his credibility nor that of plaintiff was attacked. Defendants further claim that although Deputy Sheriff Etienne did strike plaintiff, the force he used under the circumstances, in the tense atmosphere of the parish prison, was reasonable. Etienne claims that he was threatened with bodily harm and did only that which was necessary to protect himself against threatened injury and to maintain order in the parish prison.
In connection with the injuries claimed by plaintiff, defendants, on appeal, contend that plaintiff failed to produce any medical evidence to corroborate his contention that he sustained a fractured jaw. Under the circumstances, defendants alternatively suggest that the $6,000.00 award is excessive and that a more appropriate award would be between the sum of $750.00 and $1,500.00.
In brief and argument, defendants point out that plaintiff is a convicted felon and a former heroin addict. According to Etienne, when reporting for duty on March 17, 1973, the date of the incident, he found plaintiff and other inmates outside of their cells in violation of security measures and ordered their return. The deputy sheriff contends that plaintiff failed to heed his order, and after repeated orders to return (four or five times') were either ignored or not obeyed by plaintiff, plaintiff objected to the tone of Etienne’s *294 order and “quickly turned and raised his hands, taking a menacing stance.” Whereupon, according to the weaponless Etienne, he instinctively reacted to the threat by punching plaintiff in the jaw, thereby restraining him.
Plaintiff’s version is strikingly different from that of Deputy Sheriff Etienne. According to plaintiff, at the time of the incident, he was a “tier representative” who enjoyed greater freedom and authority to move within the tier areas. Myles claims that he was assisting another deputy sheriff when defendant Etienne roughly and with the use of obscenity ordered him to return to the tier proper. According to Myles, as he turned to obey the orders of the defendant deputy sheriff, he was struck by the agressor Etienne without justification or provocation.
Regarding the proof of injuries sustained, plaintiff claims that he was placed in maximum security after the incident and was denied, for three days, a request for medical aid. He supports his claim by insisting that persons in maximum security are denied the opportunity to receive medical attention. Plaintiff claims that the injury and pain suffered by him were corroborated by the testimony of certain other prisoners who were in the cell with him after the incident and also points out that his jaw was wired as part of the treatment for the fracture. Finally, it is plaintiff’s position that the trial judge heard the evidence, that he placed more reliance on testimony of plaintiff’s witnesses than on that of defendants’ and that his findings were based upon a credibility determination which was not manifestly erroneous. We agree. Accordingly, we affirm.
 We are confronted with the factual question of whether Etienne was provoked which justified his attack on Myles. Apparently, at the time of the altercation, the prison atmosphere was unusually tense because approximately a week earlier, an incident occurred in which an attempt was made by the inmates to take a deputy sheriff as a hostage. We recognize that provocation or lack thereof must be considered in light of existing circumstances in the prison atmosphere. We recognize also that the deputy’s action cannot be judged by hindsight and that a great deal of latitude must be afforded prison officials in the discipline of inmates and in maintaining order and safety in the prison,[1] nevertheless, we, as did the trial judge, find no justification for the unprovoked attack on plaintiff by the deputy sheriff.
Defendants cite Greening v. Hill, 221 So.2d 261 (La.App., 2d Cir. 1969) to support the position that Etienne’s actions were within the latitude afforded police officers who are in the process of discharging their duties. We have no quarrel with the Greening' decision. In that case, the court stated:
“ * * * Such conditions cannot reasonably be expected to result in decisions, the product of calm deliberation, and actions, the product of accurate reflexes and perfect physical coordination.”
More importantly, however, that court held:
“ * * * A plaintiff cannot recover civil damages if he is at fault in provoking the difficulty in which the injury is received. Robertson v. Palmer, 74 So.2d 408 (La.App.1954); Britt v. Merritt, 45 So.2d 902 (La.App.1950).”
In the instant case, we find no provocation for the deputy’s attack on plaintiff. Shortly before the incident, defendant Etienne had come on duty at approximately 3:00 p. m. with the new shift. As a tier guard responsible for the security of the tier where Myles was located, Etienne was displeased with the congregating of several inmates outside their cells in a vestibule area which was violative of prison security regulations. At the time, Deputy Anthony *295 LeFrere was in the process of transferring inmates from the tier area (over which Etienne had responsibility) to another tier. Myles, a “tier representative”, had been asked by LeFrere to assist with the transfer. Upon observing the large number of inmates in the prohibited (vestibule) area, Etienne ordered Myles back into the tier and out of the vestibule area although he was aware that he, Myles, was assisting Deputy LeFrere. Myles not only did not respond as quickly to Etienne’s command as Etienne would have liked, but, to Etienne’s displeasure, Myles engaged in conversation with another inmate. Whereupon, after Myles did not heed several orders to return to the tier, Etienne, with the use of vile epitaphs, reiterated his order. At this point, Myles apparently turned to face Etienne and objected to defendant’s vituperative tone and language.
As Myles turned to face Etienne, he was struck by the deputy.[2] Defendants’ main contention is that Myles turned in a menacing way with his hands raised upward in a fighting stance. Significantly, Etienne makes no contention that Myles struck the first blow. Furthermore, on direct examination, Etienne stated with regard to the beginning of the fight: “He was raising his hands. I don’t know if they were clenched or not, but in this gesture I hit him . . .” It is significant also that neither other deputy sheriffs nor inmates who were in a position to see the altercation corroborated defendant Etienne’s version that plaintiff exhibited any menacing gesture prior to the striking. Myles denied that he made any menacing move toward Etienne or made any threats upon Etienne before he was struck.
The trial judge was confronted with a credibility determination which he resolved in favor of plaintiff. We cannot say the trial judge erred. The record supports his conclusions.
The record also supports the amount of the award in the sum of $6,000.-00. We do not find merit in defendants’ contention that plaintiff failed to produce medical reports from Charity Hospital to support his claim for damages for a broken jaw. The representative from Charity Hospital clearly pointed out in his testimony that for some unexplained reason part of plaintiff’s Charity Hospital record was missing and that hospital personnel were unable to locate it. It is not disputed that Myles received treatment at the hospital after the incident. Myles and several other inmates testified that plaintiff’s jaw was wired and defendant Etienne testified he saw plaintiff’s mouth wired. The evidence is clear that plaintiff was struck in the face by defendant Etienne; that plaintiff received medical treatment at Charity after the incident; and that plaintiff’s jaw was in fact wired. The trial judge concluded plaintiff had a broken jaw. We cannot say he erred.
The record is also clear that Myles remained in a maximum security cell for three days after the incident and before he received medical treatment for his injury. Two of plaintiff’s cellmates testified that Myles constantly complained about the pain in his jaw and that plaintiff could hardly talk because of the pain. It is not disputed either that the prisoners on the maximum security floor had a “knockdown” [3] in an attempt to get medical attention for Myles, and that eventually plaintiff was taken to Charity Hospital.
Under the circumstances, we fail to find that the award in the sum of $6,000.00 is an abuse of discretion on the part of the trial judge. Accordingly, the judgment is affirmed.

Affirmed.

. See Parker v. State, 282 So.2d 483 (La.1973).

. Etienne testified he had boxing experience while in military service.

. As described in the record, a “knockdown” is a method used by the inmates to make noise in any way possible to attract attention of the deputies to any complaints or grievances that the inmates may have.